WILLIAM W. RIDER, Appellant, *v.* JOHN H. BAGLEY, Jr., impleaded, etc., Respondent.

By the appointment of a receiver in a foreclosure suit the plaintiff obtains an equitable lien only upon the unpaid rents; until such appointment, the owner of the equity of redemption has a right to receive the rents and cannot be compelled to account for them.

*It seems* that, assuming the court has power to compel such owner to pay the rents to the receiver after his appointment, the exercise of the power is in the discretion of the court, and so not reviewable here.

So, also, where fraud or contempt upon the Supreme Court is charged upon

the owner, in receiving rents with knowledge of the pendency of an application for a receiver, it is for that court to deal with it, and its action in that respect is not subject to review by this court.

(Argued March 1, 1881; decided March 8, 1881.)

APPEAL from order of the General Term of the Supreme Court, in the third judicial department, made November 23, 1877, which affirmed an order made at a Special Term, denying the motion of the plaintiff that the defendant, "John H. Bagley, Jr., pay or deliver over to James T. Olwell, receiver appointed herein, the rents and securities collected and received by himself, or his agent or agents, of Nichols & Pennoyer, or either of them, for rent of the premises described in the complaint as the dock property, or the equivalent of such rent or securities in money." (Reported below, 12 Hun, 17.)

This action is brought by the plaintiff to foreclose two mortgages executed by the defendants, David Vrooman and wife, on lands in Athens, Greene county.

The complaint alleged that the mortgaged premises were insufficient to pay the mortgages, after payment of the prior valid liens thereon; that Vrooman and all persons personally liable for the mortgage debt are insolvent; and that the plaintiff has not adequate security for his debt; that Vrooman had, about six months previous, been adjudicated a bankrupt under the laws of the United States; and that the defendant, John H. Bagley, Jr., was his assignee in bankruptcy, and, as such assignee, and by virtue of an assignment in bankruptcy to him, he was invested with all of the mortgaged premises and the equity of redemption thereof; that the defendants, Nichols & Pennoyer, are in possession of the premises described in the mortgage, under leases to them by Vrooman.

The complaint asked, among other things, "that a receiver of the rents and profits of all the mortgaged premises mentioned in said mortgage to said plaintiff be appointed by this court during the pendency of this action."

No answer or demurrer to the complaint was interposed by any of the defendants.

Judgment of foreclosure was granted on the 17th day of February, 1875; at the same time and place an order appointing James T. Olwell receiver was granted. The motion for the receiver was made on the 15th February; Bagley appeared by counsel and asked for a postponement, which was granted until .the 17th. On the 16th Bagley collected rents, which are those in question. The receiver's bond was approved and filed the 19th of February. A copy of the order appointing the receiver was served on Mr. Bagley March 8, 1875.

*J. A. Griswold* for appellant. The court had power to order the repayment, by Bagley to the receiver, of the rents collected, to reimburse the plaintiff for the consequence of the delay caused by Bagley in postponing the motion for an order appointing a receiver. (*Bank of Utica* v. *French*, 3 Barb. Ch. 294–303; *Furguson* v. *Kendall*, id. 620; *Bank of Plattsburg* v. *Platt*, 1 Pai. 464; Thomas on Mortgages, 304.) The proceeding by defendant was very near a contempt of court, for which the plaintiff might have been compensated. (*Osborn* v. *Tenant*, 14 Ves. 136; *Hull* v. *Thomas et al.*, 3 Edw. Ch. 236–8.) This plaintiff had the right, at any time after action commenced, to an injunction enjoining this defendant from collecting these rents, that they might be applied to pay the mortgage debt. (*Post* v. *Dorr*, 4 Edw. Ch. 412; *Aster* v. *Turner*, 11 Pai. 436; *Howard* v. *Ripley*, 10 id. 43; *Clark* v. *Bradbury*, 3 Keyes, 15, 16; *Van Alstyne* v. *Cook*, 25 N. Y. 495–6; *Baker* v. *Townsend*, 31 id. 637–8; *Augustine* v. *Mc-Farlane*, U. S. Dist. Ct. in Bankruptcy, 1 N. Y. Weekly Dig. 318; *Post* v. *Dorr*, 4 Edw. Ch. 412; *Hays* v. *Dickson*, 9 Hun, 227.) The owner of the equity of redemption having delayed the proceedings for the appointment of a receiver, so that he could and did collect the rents before the receiver was appointed, may be directed to pay the rents received by him, or so much as is necessary to pay the deficiency. (Thomas on Mortgages, 304; *Bank of Plattsburg* v. *Platt*, 1 Pai. 464; *Bank of Utica* v. *French*, 3 Barb. Ch. 293; *Furguson* v. *Kimball*, id. 616.) The claim made by the defendant, that because

he was an assignee in bankruptcy he need not answer in the State court and is not bound by its action, though made a party and called upon to answer, is untenable. (*Eysler* v. *Gaff*, 13 Alb. L. J. 272, 274.)

*J. A. Hallock* for respondent. The order is not appealable. (Wait's Pr. 465 ; 59 N. Y. 359 ; *Wallace* v. *Castle*, 68 id. 370 ; *Eq. L. Ins. Co.* v. *Stevens*, 63 id. 341 ; *Dunlop* v. *Patterson Fire Ins. Co.*, 74 id. 145 ; *Lawrence* v. *Farley*, 73 id. 187.) Plaintiff is not entitled to the rents sought, because his complaint does not demand them, and the judgment could not (no answer being interposed), and does not adjudge that the plaintiff is entitled to them. (Code, §§ 142, 275 ; *Andrews* v. *Monilaws*, 8 Hun, 65 ; *Simonson* v. *Blake*, 12 Abb. 331 ; 20 How. 484.) Bagley, assignee in bankruptcy of David Vrooman, was the owner of the land and entitled to its possession, and to receive the rents and profits of it so long as he continued such owner, subject only to the power of the court to appoint a receiver of such rents and profits during the pendency of such action. (*Mitchell* v. *Bartlett*, 51 N. Y. 447 ; *Ins. Co.* v. *Stebbins*, 8 Pai. 565 ; 5 id. 38 ; 4 Sandf. Ch. 405 ; *Syracuse City Bk.* v. *Pullman*, 31 Barb. 201 ; *Comstock* v. *Drohan*, 71 N. Y. 9 ; *Hayes* v. *Dickinson*, 9 Hun, 277 ; *Lockwood* v. *Fawcett*, 17 id. 147 ; *Schofield* v. *Doscher*, 10 id. 582 ; *Equitable L. Ins. Soc.* v. *Stevens*, 63 N. Y. 341 ; 10 Hun, 584 ; *Cook* v. *Grant*, 1 Pai. 407 ; *Argall* v. *Pitts*, 78 N. Y. 242–3 ; *Am. Bridge Co.* v. *Herdelback*, 4 Wkly. Dig. 291 ; 4 Kent's Com. 165.) The receiver in a proper case can only collect rents which have not been collected. (Thomas on Mortgages, 300 ; *Mitchell* v. *Bartlett*, 51 N. Y. 447 ; *Astor* v. *Turner*, 11 Pai. 430 ; *Clason* v. *Corley*, 5 Sandf. 447 ; *Howell* v. *Ripley*, 10 Pai. 43 ; *Post* v. *Dow*, 4 Edw. 412 ; *Loftsky* v. *Maujer*, 3 Sandf. Ch. 69 ; *Argall* v. *Pitts*, 78 N. Y. 239.) In a foreclosure suit, until the deed is delivered, the rights between the mortgagor and those claiming under him as tenants are not changed. The mortgagor or his assignee retained the right of possession and the consequent right to receive the rents of the mortgaged prem-

ises. (Thomas on Mortgages, 369; 33 N. Y. 658; 2 Sandf. 444; 5 id. 447; 51 N. Y. 447; 11 Pai. 436; 45 N. Y. 98; *Syracuse City Bk.* v. *Tallman,* 31 Barb. 201, 208.) The right to the rents " does not result from the relation of the parties, but from equitable considerations alone. It is not a matter of strict right, and each application is addressed to the sound discretion of the court." (Thomas on Mortagages, 302; *Syracuse City Bk.* v. *Tallman,* 31 Barb. 201, 208; Bump's Law and Practice of Bankruptcy, 189, 191; U. S. Statutes, §§ 711, 4972.) John H. Bagley, Jr., as assignee in bankruptcy of David Vrooman, is not a party to the action. When sued concerning his office, or the property which he holds as such officer, he should be so designated in the summons. (Code, § 128; Voorhies' Code of 1870, note *e* to § 128; 1 Arch. Pl. 81; 8 How. Pr. 83, 84; 1 Wait's Pr. 470; *Merritt* v. *Seaman,* 6 N. Y. 168, 172; *Sheldon* v. *Hoy,* 11 How. 11; *Worden* v. *Worthington,* 2 Barb. 368; *Root* v. *Price,* 22 How. 372; *Ogdensburg Bk.* v. *Van Rennselaer,* 6 Hill, 240.)

EARL, J. The plaintiff did not have a strict legal right to the appointment of a receiver. Whether a receiver should be appointed rested in the discretion of the Supreme Court. (*Syracuse Bank* v. *Tallman,* 31 Barb. 201.) Assuming that that court had the power to compel Bagley to pay the rents to the receiver after he was appointed, it was not obliged to exercise the power. Whether it should exercise the power was just as much in its discretion as the appointment of the receiver. But until the receiver was appointed, Bagley, as the owner of the equity of redemption, standing in the place of the mortgagor, had the right to receive the rents and could not be compelled to account for them. By the appointment of the receiver the plaintiff obtained an equitable lien upon the unpaid rents, and upon them only. (*Lofsky* v. *Maujer,* 3 Sandf. Ch. 69; *Howell* v. *Ripley,* 10 Pai. 43; *Astor* v. *Turner,* 11 id. 436; *Mitchell* v. *Bartlett,* 51 N. Y. 447; *Argall* v. *Pitts,* 78 id. 242.)

It matters not that here the rents were received by Bagley during the pendency of the motion for the receiver. It is

enough that they were received before the receiver was actually appointed and before plaintiff's equitable lien upon them had attached. If Bagley was guilty of any fraud or contempt upon the Supreme Court in taking the rents while he knew the application for a receiver was pending, it was for that court to deal with such fraud or contempt, and its action in respect thereto is not subject to our review.

The order appealed from should, therefore, be affirmed with costs.

All concur, except RAPALLO, J., absent.

Order affirmed.