### In re BALTES.

(Supreme Court, Appellate Division, First Department. May 11, 1900.)

TRUSTS—COURTS—JURISDICTION—SUMMARY PROCEEDINGS.

Where a trustee was appointed by the court, and had acted for many years, and had distributed the fund under an agreement, on petition the agreement and the acts thereunder will not be declared void, and the trustee directed to pay to the petitioner, claiming the property as an executor, the sum which it held, together with interest thereon, where it had distributed the moneys held under the agreement; such judgment, determining the rights of the parties in a summary manner, being beyond the jurisdiction of the court.

Appeal from special term, New York county.

Petition by Fernando Baltes, executor of Edmund Waring, deceased, for the payment of certain moneys by the Union Trust Com-

pany of New York. From an order directing the payment, the Union Trust Company appeals. Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGH-LIN, and INGRAHAM, JJ.

Wheeler H. Peckham, for appellant.
Charles Haldane, for respondent.

McLAUGHLIN, J. This proceeding was begun by the service of a notice of motion and a copy of a petition upon the appellant, the Union Trust Company of New York. The petition, among other things, alleged that the Union Trust Company of New York held, as trustee, certain property which belonged to the petitioner, as executor of the last will and testament of Edmund Waring, deceased. The relief demanded was that a certain agreement mentioned in the petition, bearing date the 19th day of February, 1887, and all acts of the Union Trust Company done in pursuance thereof, be declared void, and that the Union Trust Company be directed to pay to the petitioner the sum which it held, together with interest thereon from a day specified. The answer interposed by the Union Trust Company, which was the only party served, denied the right of the petitioner to the relief asked, upon the ground, among others, that the court had no jurisdiction, upon a petition, to entertain the proceeding, or to determine the matters concerning which relief was asked. Upon the petition and answer, and the papers therein referred to, the court ordered that the petitioner, "as executor of the last will and testament of Edmund Waring, deceased, do recover and have judgment against the respondent, the Union Trust Company of New York, in the sum of * * * $130,446.25." It is from this judgment or order (whichever it may be called) that this appeal is taken.

We are of the opinion that the appeal is well taken. There is no provision of law, so far as we have been able to discover, which provides that the relief granted in this action may be obtained upon a petition alone. The order made, in effect, not only adjudicates as to the validity of the agreement referred to, but also passes upon and determines the title to property. It is a fundamental principle of the law that the title to property can be determined only where a trial is had in an action brought for that purpose. Under the law, certainly as administered in this country and in England, the court has no jurisdiction or power to summarily pass upon or determine title to property in any other way. It is a novel and somewhat startling proposition that the court has the power to determine the validity of an agreement, or to determine the title to or rights in property, upon ex parte affidavits. It is undoubtedly true, as contended by the respondent, that, where the proceeding relates solely either to the appointment or removal of a trustee, the court has power, upon affidavits, to take jurisdiction of the matter, and either to appoint or remove, as the justice of the case may require. But that is not this case. Here it is not only sought to determine that an agreement under which the appellant acted, and by which the moneys referred to in the petition were actually dis-

tributed, was void, but, in addition thereto, that the appellant is liable to pay the sum which it has been directed to pay. Its liability in this respect must be determined as liabilities are in other cases determined, and that is by action. In re Livingstone, 34 N. Y. 569; In re Van Wyck, 1 Barb. Ch. 565; Hill, Trustees, par. 194. The cases cited by the learned trial justice in the opinion delivered by him are not in point. In each of those cases it will be found, upon an examination, that actions had been brought and were actually pending, and that the orders made were something incident to the progress of the litigation, over and concerning which the court had obtained and had jurisdiction. There is no jurisdiction in the court, and, from the very nature of things, there cannot be, unless especially conferred by statute, to enter a judgment determining the rights of parties to property in the summary way in which it was done in the order appealed from. A trustee appointed by the court is governed in every respect by the same rules of law as one appointed by consent of parties; and whenever the court, either upon its own motion or otherwise, calls upon such trustee to account, it must do so in exactly the same manner and by the same methods of procedure that trustees appointed by consent of parties are called upon to account.

We are of the opinion, therefore, that the judgment appealed from must be reversed, and the petition dismissed, with costs in this court and in the court below, without prejudice, however, to the right of the petitioner to bring an action for the relief demanded in the petition herein. Having reached this conclusion, we think it would be improper for us to express an opinion as to the other questions raised. All concur; RUMSEY, J., in result.

---

### BARRY v. THIRD AVE. R. CO.

(Supreme Court, Appellate Division, First Department. May 11, 1900.)

MALICIOUS PROSECUTION—EVIDENCE—JUDICIAL PROCEEDINGS.

An action for malicious prosecution will not lie against a defendant for having illegally arrested plaintiff without a warrant, and having brought him before a police court, where he is discharged without the filing of a complaint; an essential element of malicious prosecution being a commencement of judicial proceedings.

Appeal from trial term, New York county.