Walter W. Smith, Respondent, v. Benjamin Nannen, Appellant.
(Appeal No. 2.)

First Department, January 9, 1931.

M. M. Wardell of counsel [Wills & Wardell, attorneys], for the appellant.

Frank Booth, for the respondent.

Finch, J. This is an appeal from an order adjudging the defendant and the attorney of defendant guilty of contempt of court and fining each of them $250 as for a civil contempt.

In the order appointing the receiver there was no bond provided

on the part of the plaintiff, as required by the Civil Practice Act. Consequently, the attorney for the defendant, after he had lost his motion and the receiver had been appointed, called the attention of the court to this and the court granted the motion to resettle the order and directed that the resettled order should be presented for settlement at two o'clock on March tenth. On the morning of March tenth this receiver went up to these premises and demanded that he be permitted to take possession and put a lock on the door, At this time the defendant, with his helper, was doing business as usual upon the premises, using the machinery and tools which purported to be owned as a part of the partnership assets.

The defendant called up his attorney and then, acting upon the attorney's advice, refused to admit the receiver. In this he was within his rights, since the attorney's affidavit is that the resettled order had not at that time been signed, and the receiver had not filed his bond, so that the defendant was without the protection afforded by law for any damage suffered pursuant to the acts of the receiver before the bond, required by the order as resettled, was given. The affidavit of the attorney says: " I advised [the receiver] * * * that the order was to be signed and settled as of two o'clock on March 10, 1930; that I had received no notice of the filing of any bond which had been approved and filed."

For this reason the attorney was right in refusing admittance to the receiver until he had given his bond, as directed by the court, and, therefore, the order appealed from was wrong and should be reversed, with ten dollars costs and disbursements, and the application to punish for contempt denied, with ten dollars costs.

Dowling, P. J., Merrell, McAvoy and Sherman, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.