THE EBLING COMPANY, Appellant, *v.* TRINITY ESTATES, INC., et al., Defendants.

CHARLES AXELROD, Respondent.

(Argued January 3, 1935; decided January 15, 1935.)

*Eugene Cohn* for appellant. The finding of the Appellate Division negativing fraud constitutes reversible error. (*Nickell* v. *Tracy*, 184 N. Y. 386; *Thompson* v. *Postal Life Ins. Co.*, 226 N. Y. 363; *Pennacchio* v. *Greco*, 107 App. Div. 225; *Hobaica* v. *Byrne*, 216 App. Div. 307; *Gabriel* v. *Graham*, 168 App. Div. 847; *Adams* v. *Gillig*, 199 N. Y. 314; *Ritzwoller* v. *Lurie*, 225 N. Y. 464.) The order of the Special Term should not have been reversed. That order properly directed respondent to turn over to the receiver the rents of which he had illegally obtained possession and which in equity and in good conscience should have gone to the receiver for the plaintiff's benefit. (*Prudence Co.* v. *160 West 73rd St. Corp.*, 260 N. Y. 205; *Monica Realty Corp.* v. *122 Fifth Ave. Corp.*, 264 N. Y. 52.)

*Henry P. Goulston* for respondent. The order of the Appellate Division and the report of the referee were fully sustained by the evidence. (*Wyckoff* v. *Scofield*, 98 N. Y. 475; *Manufacturers Trust Co.* v. *Sadenet Realty Co.*, 234 App. Div. 893; *Argall* v. *Pitts*, 78 N. Y. 239;

*Hollenbeck* v. *Donnell,* 94 N. Y. 342; *Howell* v. *Rysley,* 10 Paige, 43; *Rider* v. *Bagley,* 84 N. Y. 461; *Sullivan* v. *Rosson,* 223 N. Y. 217; *New York Life Ins. Co.* v. *Fulton Development Corp.,* 265 N. Y. 348.) Courts are not authorized by summary order to require a person to pay to a receiver a sum of money although the receiver claims such money as rent collected prior to his qualification and taking possession of the premises, since such moneys never legally belonged to the receiver, nor to the plaintiff as mortgagee in the action, since they have no lien or other rights thereto until the receiver takes possession. (*Matter of Scarsdale Co.,* 159 App. Div. 912; *Matter of Baltes,* 51 App. Div. 491; *Rosenthal* v. *Slutnik,* 175 App. Div. 970.)

HUBBS, J.   The appellant was the holder of a mortgage on an apartment house occupied by numerous tenants. The owner and mortgagor was Trinity Estates, Inc., the defendant corporation, of which the respondent, Charles Axelrod, was president and principal stockholder.   The mortgage contained the usual clause providing for the appointment of a receiver.

In October, 1932, certain interest and taxes were due and unpaid.   To prevent foreclosure of the mortgage, the respondent agreed personally to pay the taxes and interest up to January 1, 1933.   He defaulted in paying taxes. Thereafter, in an interview with Mr. Haebler, president of the appellant, on February 25, he agreed to turn over to the appellant $2,000 in order to bring about an adjustment and prevent a foreclosure.   Two days later, on February 27, respondent delivered to Mr. Haebler his personal check for $2,000 payable to appellant, at which time discussion was had in regard to the terms of an agreement thereafter to be reduced to writing.   The discussion was to the effect that the rate of interest should be reduced; that there should be no foreclosure and no receivership; that notes should be given for back taxes and interest about to become due,

and that the rents should be assigned to the appellant. No definite, completed arrangement or contract was made at that time. It was arranged that respondent was to meet Mr. Cohn, appellant's attorney, at the attorney's office the next morning, February 28, to draft and sign an agreement which would carry out the tentative arrangement. On the morning of February 28 respondent went to the offices of appellant's attorney where a discussion was had between Mr. Cohn and respondent about the terms of the agreement. The same morning he went to the bank and stopped payment on the check. He testified that payment was stopped after he went to Mr. Cohn's offices. Respondent says that in the discussion with Mr. Cohn he learned that it was required that the agreement to be drawn up by appellant's attorney should contain a provision to the effect that he would personally guarantee the payment of the notes to be given and that such provision was contrary to the understanding between himself and Mr. Haebler. Respondent left Mr. Cohn's office without executing an agreement. Thereafter, on the same day, he made repeated attempts to revive the negotiations so that some arrangement might be made to prevent a foreclosure.

In the meantime, however, the president of the appellant had learned that payment had been stopped on the check and he refused to have any further conversation with respondent and ordered that all negotiations be stopped and that this action be commenced.

On February 28 and March 1 respondent collected rents due March 1 to the amount of $1,904. He told the tenants that he needed money on account of the mortgage matter. He also granted certain reductions in rentals which he claimed were granted in pursuance of an agreement theretofore made. On March 1 papers in the foreclosure action were filed and on March 2 an order was entered appointing a receiver, which order was served on respondent on March 4. On that day he paid Mrs.

Weiner, the superintendent of the building, $140. It does not appear that the payment was made after the service of the order or that it was for his personal obligation. Respondent deposited the money which he had collected from the tenants in his personal bank account in which he deposited all receipts from rent and from which he made all payments on behalf of the corporation, the mortgagor corporation not having a bank account. The receiver appointed in this action made a motion to compel respondent, who was not a party to the foreclosure action. to pay over the amount of the rents which he had collected upon the theory that those rents were collected in fraud of the mortgagee and of the receiver. The matter was sent to a referee who found in favor of respondent. The Special Term set aside the referee's report and found in favor of the receiver. The Appellate Division, by a divided court, reversed and made findings in favor of respondent. The only question that is of importance on this appeal is whether respondent's act in the collection of rents was in fraud of the mortgagee and of the receiver. The referee found that the rents were all collected on February 28 and March 1 prior to the appointment of the receiver; that respondent paid out all that he collected for repairs and running expenses of the premises; that he had neither fraudulently collected such rents nor fraudulently disposed of the same. The Special Term, in setting aside the report of the referee, found that the conduct of Axelrod was fraudulent and directed that he turn over to the receiver the amount of the rents collected less $140 paid to the superintendent of the building. The Appellate Division reversed, approved the findings of the referee and denied the motion.

The appellant contends that the motion should have been granted on the ground that respondent perpetuated fraud in that he had made an agreement on February 27, under which foreclosure was to be withheld; that he had given a check for $2,000 and that he stopped payment

on that check for the purpose of delaying the threatened foreclosure, thereby enabling him to collect the rents; and that he had obtained the rents through unwarranted reductions and false statements made to the tenants.

In the collection of the rents the respondent acted either as agent of the defendant corporation or as its president. Clearly, the defendant corporation, in the absence of fraud, was entitled to collect the rents which became due on March 1, and before the appointment of the receiver. The receiver had no interest in rents which had accrued and been paid to the defendant before his appointment. (*New York Life Ins. Co.* v. *Fulton Development Corp.*, 265 N. Y. 348, opinion by CRANE, J., decided Nov. 20, 1934.)

It is the contention of the appellant that this case falls within the statement made by Judge LEHMAN in *Prudence Co.* v. *160 West 73rd Street Corp.* (260 N. Y. 205, at p. 213): "What we have said must not be accepted as an indication that an order appointing a receiver of rents and profits may be frustrated by a collusive or fraudulent lease for an inadequate rental or advance payment of rent in an anticipation of a foreclosure action."

Here it has been found that the rent was not paid in advance. It was due on March 1 and collected on that day or the preceding day. If it had not been for the alleged agreement made between respondent and the president of the plaintiff there could be no question about the right of the defendant corporation to collect the rents in question.

It is the contention of respondent that inasmuch as appellant, through its attorney, sought to put into the proposed written agreement a provision that respondent would personally guarantee the payment of the notes to be given, there was a breach of the verbal agreement on the part of the appellant and that respondent was under no obligation to go on; that he stopped payment on the check for that reason, until such time as that misunder-

standing could be straightened out. The referee and the Appellate Division have found that there was no fraud committed by respondent; that the oral agreement was never consummated, that it was simply a preliminary discussion and that when respondent ascertained that a condition was to be inserted in the written agreement which he had not and would not consent to, he was justified in stopping payment of the check. There is evidence to sustain those findings.

If it were to be determined that respondent, in the collection of the rents, acted as an individual and not as a representative of the corporate defendant, and that he personally had possession of the rents when the receiver was appointed, there would be a further question as to whether this proceeding could be maintained against him in his individual capacity. (Cf. *Matter of Scarsdale Co.*, 159 App. Div. 912; *Matter of Baltes*, 51 App. Div. 491.) We do not pass upon that question but assume simply for the purpose of this decision that the proceeding might be properly maintainable against him individually. The evidence justified the findings made by the referee and approved by the Appellate Division.

The order should be affirmed, with costs.

CRANE, Ch. J., LEHMAN, O'BRIEN, CROUCH and LOUGHRAN, JJ., concur; FINCH, J., not sitting.

Order affirmed.