BOARD OF NATIONAL MISSIONS OF THE PRESBYTERIAN CHURCH IN THE UNITED STATES OF AMERICA, Plaintiff, *v.* BOROUGH ASPHALT COMPANY and CENTRAL COAL CO., INC., Defendants.

Supreme Court, Special Term, Kings County, September 26, 1941.

*Coombs & Wilson* [*James J. Milligan* of counsel], for the plaintiff.

*McManus, Ernst & Ernst* [*Solomon E. Star* of counsel], for Lewis H. Saper, as trustee in bankruptcy of the defendant Borough Asphalt Company.

*Carl O. Hoffmann* [*George Demas* of counsel], for the defendant Central Coal Co., Inc.

*Louis E. Hirsch*, for the receiver.

DALY, J. Prior to the commencement of this action to foreclose a first mortgage, and on July 16, 1940, one Lewis H. Saper was appointed trustee in bankruptcy of the defendant Borough Asphalt Company, the owner of the equity of redemption. On May 24, 1941, a judgment was entered in favor of said trustee in the sum of $1,274.55, in an action to recover an installment of rent

from Orange Disc Coal Corp., which occupied a portion of the mortgaged premises pursuant to a five-year written lease dated August 1, 1938. Said lease provided that the payment of the $1,200 rent due for the first year was to be made on February 1, 1941. Said payment not having been made, the trustee instituted an action therefor, which resulted in the aforesaid judgment. The foreclosure action was commenced on July 17, 1941, and on July 18, 1941, this court appointed a receiver of the rents and profits of the premises under foreclosure, the order containing, however, the following provisions:

" That all tenants of the said premises and all other persons liable for such rent are hereby enjoined and restrained from paying any rents for the said premises or any part thereof to the defendants Borough Asphalt Company, Lewis H. Saper as Trustee in Bankruptcy of Borough Asphalt Company, D. J. McCoy Asphalt Corporation, Orange Disc Coal Corporation or to their agents, servants, receivers, trustees in bankruptcy or attorneys, or to any other person or persons other than the said receiver   *   *   *

" That during the pendency of this action the defendants Borough Asphalt Company, Lewis H. Saper as Trustee in Bankruptcy of Borough Asphalt Company, D. J. McCoy Asphalt Corporation and Orange Disc Coal Corporation and their agents, servants, receivers, trustees in bankruptcy and attorneys and employees, be and they hereby are enjoined and restrained from collecting the rents from the said mortgaged premises and from interfering in any manner with the said property or the possession thereof by the said receiver."

At the time of the commencement of this action, the rental under the lease with Orange Disc Coal Corp. was $500 per month. Rental in the same amount was in turn due, however, to the said corporation from Central Coal Co., Inc., the subtenant in possession. Upon the latter's refusal to attorn to the receiver, application was made to the court, and on August 5, 1941, an order was made fixing the occupational rent of the Central Coal Co., Inc., in the sum of $500 per month, commencing July 1, 1941, and payable in advance on the first day of each and every month thereafter pending this action, together with all water charges. This order was complied with, and Central Coal Co., Inc., paid $1,000 for the July and August, 1941, rent.

On August 13, 1941, the trustee served Central Coal Co., Inc., as a third party, with a subpœna in proceedings supplementary to the judgment obtained by him on May 24, 1941, in the recital of which it is stated: " *   *   *   that the third party, CENTRAL COAL CO. INC. has property belonging to the Judgment-Debtor

exceeding Ten Dollars in value — to wit: July and August rent due to the judgment debtor totalling the sum of $1,000. for rental of the premises 5702 Avenue U, Brooklyn, New York, and is indebted to the Judgment-Debtor in an amount exceeding Ten Dollars."

Prior to the return day of said subpœna, Central Coal Co., Inc., notified the trustee that it would not appear pursuant thereto, in view of the terms of the aforesaid receivership order, the order directing it to attorn to the receiver and the payments of occupational rent made thereunder. In order to clarify the situation the parties agreed to hold all proceedings in abeyance pending the determination of this application by the trustee " for an order modifying the said order of this Court dated July 18, 1941 * * *, so as to permit LEWIS H. SAPER, as Trustee in Bankruptcy of BOROUGH ASPHALT COMPANY, to continue with the enforcement of the judgment entered against ORANGE DISC COAL CORP. * * *, on May 24, 1941 in the amount of $1,274.55 and to institute any and all suits and proceedings against any person, firm or corporation liable for the installment of deferred rent due February 1, 1941, pursuant to a lease made between BOROUGH ASPHALT COMPANY and ORANGE DISC COAL CORP., dated August 1, 1938, * * *."

A receiver in a foreclosure action is, upon qualifying, entitled not only to the rents that become due after his appointment, but also to those which accrued prior thereto and have not been paid. (*New York Life Ins. Co.* v. *Fulton Development Corp.*, 265 N. Y. 348; *New Way Building Co., Inc.*, v. *Taft Building Corp.*, 129 Misc. 170.)

Notwithstanding that the deferred rent which was due February 1, 1941, remained unpaid at the time the receiver herein was appointed and qualified, the court is of the opinion that in view of the fact that the trustee obtained a judgment thereon almost two months *prior* to the commencement of the foreclosure action and the appointment of a receiver, the latter did not become entitled thereto under the rule that a receiver is entitled to unpaid rents accruing prior to his appointment. The cause of action against Orange Disc Coal Corp. for the deferred rent was merged in the judgment thereon which was entered on May 24, 1941. (*Gray* v. *Richmond Bicycle Co.*, 167 N. Y. 348. See, also, *Hellstern* v. *Hellstern*, 279 id. 327, 333.) After the entry of said judgment in which the cause of action for the deferred rent was merged, the judgment itself became a debt which the judgment debtor was under obligation to pay. (*Gutta Percha & Rubber Mfg. Co.* v. *Mayor*, 108 N. Y. 276, 278.)

Counsel for the plaintiff herein argues that technically there was a merger of the cause of action for rent in the judgment, which is a bar to any attempt to reassert the original claim, but that actually the rent has never been paid or collected. He concludes: " The question is a novel one, and I am unable to find any decision on the specific problem in this State."

A careful consideration of the question presented leads the court to the conclusion that the judgment entered in favor of the trustee under the circumstances hereinbefore set forth, was not affected by the appointment of the receiver herein, particularly since the corporation obligated to pay the same was not in possession of the premises at the time of the appointment and qualification of the receiver, and the rent covered a period of a year commencing November 1, 1938. The trustee, therefore, may not be enjoined from collecting his aforesaid judgment against the Orange Disc Coal Corp. Such judgment cannot, however, be satisfied out of the occupational rent, paid, now due, or to become due during the life of this receivership.

The order of July 18, 1941, will be modified by adding a provision thereto in accordance with the above.

Settle order on notice.