CITY BANK FARMERS TRUST COMPANY, Appellant, v. DAYFIELD REALTY CORPORATION, Respondent, et al., Defendants.
SAMUEL LEVY, as Receiver, Appellant.

CITY BANK FARMERS TRUST COMPANY, Appellant-Respondent, v. 1140 FIFTH AVENUE, INC., Respondent-Appellant, et al., Defendants.
SAMUEL LEVY, as Receiver, Appellant-Respondent.

First Department, June 15, 1945.

*George S. Mittendorf* of counsel (*Milton R. Friedman* with him on the brief; *Mitchell, Capron, Marsh, Angulo & Cooney,* attorneys for City Bank Farmers Trust Company, appellant and appellant-respondent; *Arnstein & Levy,* attorneys for Samuel Levy, as receiver, appellant and appellant-respondent) for appellants and appellants-respondents.

*Harry Loeb Mostow* of counsel (*Francis Colety* with him on the brief), for 1140 Fifth Avenue, Inc., respondent-appellant.

CALLAHAN, J.  In these two actions brought to foreclose mortgages on separate premises, 1140 and 1160 Fifth Avenue, the plaintiff and a receiver of rents have obtained summary orders for the payment to the receiver of rents which accrued and were collected by the mortgagor prior to the appointment of the receiver.  The theory upon which such summary relief was granted appears to be that the mortgagors had agreed in writing, under date of November 15, 1943, to preserve for one year in separate accounts all income from the mortgaged premises, paying only items of expense properly chargeable to the premises, transmitting the balance on the fifth day of the following month to plaintiff, to be held in escrow, and, in the event of appointment of a receiver in foreclosure or an assignment of rents, to turn over to the receiver or mortgagee, as the case might be, any net income remaining which was to be deemed assigned to the mortgagee.

Upon the hearing of the motion a dispute arose as to whether the agreement above referred to, which concededly was made, applied to rents collected during the months of October and November, 1944.  It appears that upon the expiration of the year provided for in the first agreement a letter had been written, dated August 30, 1944, which stated, " that, pending a final determination as to the disposition of the mortgage covering the above referred to property," the mortgagor would continue to turn over monthly the net rentals in accordance with the earlier agreements.  There was a dispute as to the date when

" a final determination as to the disposition of the mortgage " had been arrived at.

In any event, foreclosure actions were commenced, and the receiver was appointed as to premises 1160 Fifth Avenue on November 17, 1944, and as to premises 1140 Fifth Avenue, on November 22, 1944. All rents up to and including the September, 1944, rents had been turned over.

Defendant 1140 Fifth Avenue, Inc., disputed the right of the plaintiff or the receiver to either the October or the November rents. Defendant Dayfield Realty Corporation, the mortgagor of premises 1160 Fifth Avenue, conceded that it was obligated to turn over the rents collected during the month of October, 1944. It denied any such obligation as to November rents.

Special Term directed the October rents to be paid over in both instances, but denied the motions as to the November rents. Cross appeals were thereupon taken to this court by the parties to the action involving premises 1140 Fifth Avenue. Plaintiff and the receiver appealed from the denial of the motion as to the November rent from premises 1160 Fifth Avenue.

It is our view that, irrespective of the merits of the dispute between the parties as to whether the first agreement made to collect the rents and turn over the net proceeds remained effective, with or without modification, during the months of October and November, 1944, the movants were not entitled to any summary order to remit either the October or November rents to the receiver. Summary directions to pay moneys to a receiver are only made where their retention would frustrate the court's possession or that of its agent, the receiver.

Here no situation was involved that affected the possession of the property by the court, or that would frustrate its receiver's custody. Accordingly, the rights of the parties under the agreements made before the commencement of the receivership insofar as they accrued before such appointment involve issues of title to property which must be decided in a plenary action. (*Ebling Co.* v. *Trinity Estates, Inc.*, 266 N. Y. 175; *Matter of Baltes*, 51 App. Div. 491; *Gelly* v. *Kalamon*, 262 App. Div. 771.)

The order in the action against the defendant 1140 Fifth Avenue, Inc., so far as appealed from by the plaintiff and the receiver, should be affirmed. Insofar as appealed from by the defendant 1140 Fifth Avenue, Inc., said order should be reversed, with $20 costs and disbursements to said defendant, and the motion for an order directing said defendant to remit to the plaintiff or to the receiver the net income of the premises 1140 Fifth Avenue for the month of October, 1944, denied.

Because Dayfield Realty Corporation consented to turn over to plaintiff or to the receiver the rents collected by it during the month of October, 1944, we are constrained to affirm the order so far as appealed from concerning that defendant, with $20 costs and disbursements to the respondent.

MARTIN, P. J., GLENNON, UNTERMYER and COHN, JJ., concur.

In the first above-entitled action: Order so far as appealed from unanimously affirmed, with $20 costs and disbursements.

In the second above-entitled action: Order so far as appealed from by the defendant 1140 Fifth Avenue, Inc., unanimously reversed, with $20 costs and disbursements to said defendant, and the motion for an order directing said defendant to remit to the plaintiff or to the receiver the net income of the premises 1140 Fifth Avenue for the month of October, 1944, denied, and, insofar as appealed from by the plaintiff and the receiver, the order is affirmed.