KANE ASSOCIATES, a Copartnership, Plaintiff, *v.* PHILIP BLUMENSON et al., Defendants.

EDWARD T. KLETT, Respondent, *v.* PHILIP BLUMENSON et al., Appellants.

First Department, May 28, 1968.

*Paul L. Klein* of counsel (*Philip Blumenson,* in person, attorney), for appellants.

*Frederick L. Sohn* of counsel (*Greengold & Eckman,* attorneys), for respondent.

STEUER, J. The general rule governing the rights to collect rents as between the owner of realty and a receiver appointed in foreclosure proceedings is well understood and not in dispute. But its application in the particular factual situation presented has not, as far as research discloses, ever been submitted to a court.

It appears that prior to the foreclosure proceedings, there were two actions pending between the landlord and the tenants of the building. The first was a summary proceeding based on nonpayment of rent. The second was a proceeding by the tenants for the appointment of an administrator pursuant to article 7-A of the Real Property Actions and Proceedings Law. A stipulation was entered into by the parties that the rents coming due were to be deposited into court pending the outcome of the second proceeding. Pursuant to this stipulation the rents for the months of September and October, 1967 were so deposited. On October 10, 1967, the petition in the article 7-A proceeding was dismissed. The owner applied to the court for the funds so deposited. As the dismissal was without prejudice to a new petition, the court refused the application to release the funds to the landlord unless the tenants consented. On October 19, 1967, this consent was obtained and submitted to the court. The next day, October 20, 1967, the court ordered release of the money and it was handed over to the owner. On October 19, the receiver in foreclosure was appointed. He moved to have the funds so collected turned over to him and Special Term so directed.

It is clear that a receiver in foreclosure as against the mortgagor is entitled to collect all rents, including those due but unpaid at the time of his appointment (*Wyckoff* v. *Scofield,* 98 N. Y. 475; *Rider* v. *Bagley,* 84 N. Y. 461; *New York Life Ins. Co.* v. *Fulton Development Corp.,* 265 N. Y. 348). The theory is that upon his appointment the receiver acquires an equitable lien upon the debt due the owner from the tenant (*Rider* v. *Bagley, supra,* p. 465). It would therefore appear that as to rent which was paid by the tenant though not actually received by the landlord, there is no fund to which the lien could attach. Results consonant with this reasoning have been reached, but under the cover of different expressions. One such instance was where the landlord has, prior to the appointment of the receiver, obtained a judgment for the unpaid rent but has not collected it. It was held that the receiver was not entitled to the funds col-

lected on the judgment (*Board of Nat. Missions* v. *Borough Asphalt Co.,* 177 Misc. 260). And where the landlord had made an assignment of the rents, the assignee was allowed to retain them (*Harris* v. *Taylor,* 35 App. Div. 462), though as to rents collected by the assignee subsequent to the appointment of the receiver, the receiver had the prior right (*Wiggins* v. *Freeman,* 174 App. Div. 304). In none of those instances did the moneys paid over as rents actually come into the hands of the mortgagor prior to the appointment of the receiver, but in all of them the obligation of the tenant had been extinguished at the time of the appointment.

That was the situation here presented. The tenants were under no obligation as regards their rents for the past two months. There was, accordingly, no *res* to which the receiver's equitable lien could attach. Had the tenants prevailed in their proceeding, the fund would have been disbursed as the court directed, presumably for rehabilitation of the building. But the receiver would have acquired no right to it.

The balance of the order before Special Term deals with the disclosure of certain records in regard to the building. It has been complied with to an extent by appellants and respondent is satisfied therewith, so no relief in that respect is called for.

The order of January 5, 1968, should be modified, on the law, by deleting the provision requiring appellants to turn over to the receiver the sum of $8,210.95, and as so modified affirmed, without costs and without disbursements.

EAGER, J. P., CAPOZZOLI, McGIVERN and RABIN, JJ., concur.

Order entered on January 5, 1968 unanimously modified, on the law, to the extent of deleting the provision requiring appellants to turn over to the receiver the sum of $8,210.95, and, as so modified, affirmed, without costs and without disbursements.