■ Pasquale Capasso, Respondent, v Joseph H. Rosenblum, as Receiver, Appellant.—In a negligence action to recover damages for personal injuries, defendant appeals (1) from an order of the Supreme Court, Richmond County, dated December 2, 1974, which denied his motion for summary judgment and (2) as limited by his brief, from so much of an order of the same court, dated June 13, 1975, as, upon granting reargument, adhered to the original determination. Appeal from the order dated December 2, 1974 dismissed as academic. That order was superseded by the order of June 13, 1975. Order of June 13, 1975 reversed insofar as appealed from, on the law, and motion for summary judgment granted. Defendant is awarded one bill of $50 costs and disbursements to cover both appeals. The complaint alleges that plaintiff was injured when he stepped into a hole in the surface of a parking lot on September 7, 1967. Plaintiff's bill of particulars fixes the time of the accident at 9:30 P.M. Defendant was appointed receiver of the rents and profits of the subject premises by order of the Supreme Court, Richmond County, dated August 25, 1967; he did not file his bond in the office of the County Clerk until 3:38 P.M. on September 7, 1967. The receiver's possession and control of the mortgaged premises dated from the time he qualified and filed his bond on September 7, 1967 (see *Smith v Nannen,* 231 App Div 236; 4A Warren's Weed, New York Real Property [4th ed], Receivers, § 3.05). Since this was but a scant six hours before the occurrence of the accident, the receiver, as a matter of law, is not chargea-

ble with negligence in having failed to discover and remedy the defective condition in the parking lot (see *Farragher v City of New York,* 26 AD2d 494, affd 21 NY2d 756). Gulotta, P. J., Rabin, Hopkins, Latham and Margett, JJ., concur.