■ A. F. & G. REALTY CORPORATION, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 59517.)—Appeal from an order of the Court of Claims, entered April 12, 1976, which denied the State's motion for a dismissal of the claim and granted claimant's motion for leave to file its claim *nunc pro tunc* to a date within six months of the accrual of the action. By filing a notice of intention to file a claim on June 23, 1975, and filing the claim itself on August 4, 1975, claimant commenced the instant action for rents allegedly due and owing from the State for the months February, 1974 through September, 1974 on premises owned by claimant at 70 Ashburton Avenue, Yonkers, New York. As noted above, the court denied the State's motion to dismiss the claim and granted claimant permission to file said claim *nunc pro tunc* to a date within six months of the accrual of the action and this appeal ensued. Upon our review of the record, we find that claimant has no standing to bring the present action. An action to foreclose a mortgage on the premises at 70 Ashburton Avenue was commenced in Supreme Court, Westchester County, and an order was thereupon issued by that court on August 30, 1974 which appointed a receiver "of the rents now due and unpaid and to become due" on the premises with the authority to institute suits for the collection thereof and further enjoined claimant from collecting said rental payments. No appeal was ever taken from this order by the owner defendant in the foreclosure action. Under these circumstances, when the present action was instituted almost a year later, claimant was without authority to receive the rental payments then allegedly due and lacked the necessary standing to bring this action *(Kane Assoc. v Blumenson,* 30 AD2d 127, affd 23 NY2d 942). Such being the case, the State's motion for a dismissal of the claim should have been granted. We reach no other issue. Order reversed, on the law, and claim dismissed, without costs. Koreman, P. J. Greenblott, Main, Mikoll and Herlihy, JJ., concur.