■ CHEMICAL BANK, Plaintiff, v EVANS & HUGHES REALTY, L.P., et al., Respondents, and ARTHUR J. KREMER, Appellant. [613 NYS2d 239] —In an action to foreclose a mortgage, the appeal is from an order of the Supreme Court, Nassau County (Levitt, J.), entered March 6, 1992, which denied the application of the temporary receiver for an order compelling the defendant Evans & Hughes Realty, L.P., to return rent it collected from a tenant, Plain & Fancy Shows of Westbury, Inc., for November 1991.

Ordered that the order is affirmed, with costs.

Defendant Evans & Hughes Realty L.P. (hereinafter Evans & Hughes) is the owner of the former Roosevelt Raceway and had leased part of the property to Plain & Fancy Shows of Westbury, Inc., to operate a flea market. Evans & Hughes collected the November 1991 rent from Plain & Fancy, on October 4, 1991, one day after the plaintiff Chemical Bank commenced a mortgage foreclosure proceeding against Evans & Hughes, but three days before a temporary receiver was appointed. Article 43 of the Rider to Plain & Fancy's lease with Evans & Hughes provided that the annual rent "shall be payable in monthly installments in advance on the first day of each month during the term of this Lease". Section 6.6 (A) of the Mortgage and Trust Indenture (hereinafter the Indenture), between Evans & Hughes and Chemical Bank granted the owner a reasonable license to operate and manage the mortgaged property and to collect the rents, until its license to do so was revoked by the Trustee after a default was declared. Section 6.6 (B) of the Indenture, declared that "[t]he Owner * * * (iv) shall not collect any of the Rents more than one (1) month in advance".

The lease at bar thus expressly provides that rent is payable "in advance" of the month for which the rent is due—i.e., on the first day of that month *(see, Giles v Comstock,* 4 NY 270). Since the lease was assigned pursuant to the Indenture, the two documents must be reviewed together *(see, BWA Corp. v Alltrans Express U.S.A.,* 112 AD2d 850, 852), and "[t]hat interpretation is favored which will make every part of a contract effective" *(Fleischman v Furgueson,* 223 NY 235, 239; *see also, Rentaways, Inc. v O'Neill Milk & Cream Co.,* 308 NY 342, 347). When the lease provision requiring first-of-the-month payment is considered in conjunction with Section 6.6 (B) of the Indenture, it is clear that the Evans & Hughes was entitled to demand November's rent of Plain & Fancy as early as October 1, 1991.

Moreover, by the terms of the Indenture governing the assignment of Plain & Fancy's lease, Evans & Hughes retained the right to collect its rents *until* Chemical Bank had affirmatively revoked its license to do so following a default, *or* until a receiver was appointed *(see, New York Life Ins. Co. v Fulton Dev. Corp.,* 265 NY 348, 352; *Gomez v Bobker,* 124 AD2d 703; *1180 Anderson Ave. Realty Corp. v Mina Equities Corp.,* 95 AD2d 169, 173-174). Although Chemical Bank declared Evans & Hughes in default on September 16, 1991, it did not revoke the latter's right to collect rents. The receiver was not appointed until October 7th, some three days after

the rents herein were collected; and he did not become "qualified" until October 11th when he posted his bond *(see, Manufacturers' Trust Co. v Sadenet Realty,* 234 App Div 893; *Smith v Nannen,* 231 App Div 236). In addition, in appointing the receiver, the court granted him authority only to collect such rents as were then "due and unpaid or [t]hereafter * * * bec[a]me due and payable". The receiver therefore had no authority to pursue rents that had already been legitimately paid to the owner before he became "qualified" to collect them *(see, Manufacturers' Trust Co. v Sadenet Realty, supra).*

Finally, it cannot be concluded from this record that the advance collection of rent by Evans & Hughes was fraudulent or motivated by the anticipation of foreclosure and the appointment of a receiver *(see, Rider v Bagley,* 84 NY 461; *Argall v Pitts,* 78 NY 239; *Manufacturers' Trust Co. v Sadenet Realty, supra; cf., 570 Kosciusko Realty Corp. v Kingdale Estates,* 256 App Div 997). Sullivan, J. P., Balletta, Joy and Friedmann, JJ., concur.