[672 NYS2d 206]

Chase Manhattan Bank, as Successor by Merger to Chase Lincoln First Bank, N. A., Respondent, v Brown & East Ridge Partners et al., Defendants, and Simon Braitman, Appellant. Widewaters Group, Inc., as Receiver, Nonparty Respondent.

Fourth Department, April 29, 1998

## APPEARANCES OF COUNSEL

*Woods, Oviatt, Gilman, Sturman & Clarke, L. L. P.*, Rochester (*Kelly A. Nagle* of counsel), for appellant.

*Boylan, Brown, Code, Fowler, Vigdor & Wilson, L. L. P.*, Rochester (*Mark Costello* of counsel), for respondent.

*Menter, Rudin & Trivelpiece, P. C.*, Syracuse (*Mitchell Katz* of counsel), for receiver, nonparty respondent.

## OPINION OF THE COURT

GREEN, J. P.

This appeal concerns the respective rights of the mortgagor and the receiver appointed in this mortgage foreclosure action to the proceeds of a judgment for rent entered in favor of the mortgagor but remaining unpaid at the time of the receiver's appointment. We conclude that the receiver is entitled to collect the proceeds of that judgment.

Defendant Brown & East Ridge Partners (partnership) borrowed $5.95 million from plaintiff to purchase a shopping center in the Town of Irondequoit. The loan was secured by two mortgages. In January 1996 the partnership defaulted under the mortgages. At the time of the default, an action for unpaid rent brought by the partnership against Fay's Inc. (Fay's) was pending. In an order and judgment entered April 5, 1996, the partnership was granted judgment against Fay's in the amount of $207,000. The order and judgment was affirmed on appeal on December 30, 1996 (*Brown & E. Ridge Partners v Fay's Inc.*, 234 AD2d 1021).

On September 26, 1996, during the pendency of that appeal, plaintiff commenced the instant foreclosure action. Supreme Court appointed the receiver on October 28, 1996. The order of appointment authorizes and directs the receiver to demand, collect and receive all rents for the mortgaged premises "now due and unpaid or hereafter to become due". The order further enjoins the tenants of the mortgaged premises from paying any rent to the partnership and directs them to attorn to the receiver all rents "now due and unpaid, or that may hereafter become due".

On November 1, 1996, the receiver served Fay's with a notice to attorn, instructing Fay's to pay to the receiver rents

then due and unpaid or becoming due during the pendency of the foreclosure action. Defendant Simon Braitman, a partner in the partnership, moved for a judicial determination of the respective rights of the receiver and the partnership to the proceeds of the unpaid judgment against Fay's. Specifically, Braitman sought judgment declaring that the judgment against Fay's does not constitute rent but a debt owed to the partnership; the receiver has no interest in any sums paid in satisfaction of that judgment; and the proceeds of the judgment are the property of the partnership. The receiver cross-moved for an order directing payment of the proceeds of the judgment against Fay's to the receiver. The court denied Braitman's motion, granted the cross motion and directed Fay's to pay the proceeds of the judgment to the receiver.

The only New York authority to consider the right of a receiver to collect a judgment for rent entered prior to the commencement of a foreclosure action but unpaid at the time of the receiver's appointment is *Board of Natl. Missions of Presbyt. Church v Borough Asphalt Co.* (177 Misc 260). In *National Missions* the trustee in bankruptcy of the mortgagor obtained a judgment for past-due rent two months prior to the appointment of the receiver in the mortgage foreclosure action. As in the instant case, the judgment remained unpaid at the time of that appointment. The court declined to apply the general rule that a receiver is entitled to unpaid rents accruing prior to his or her appointment (*Board of Natl. Missions of Presbyt. Church v Borough Asphalt Co., supra*, at 262). The rule is inapplicable, the court concluded, because the cause of action for rent merged in the judgment entered against the lessee. "After the entry of said judgment in which the cause of action for the * * * rent was merged, the judgment itself became a debt which the judgment debtor was under obligation to pay" (*Board of Natl. Missions of Presbyt. Church v Borough Asphalt Co., supra*, at 262).

The holding in *National Missions* rests upon the union of two established legal rules. The first, specifically applicable to mortgage foreclosure actions, is that a receiver has no right to accrued rent that has been collected by or on behalf of the owner prior to the receiver's appointment (*see, Ebling Co. v Trinity Estates*, 266 NY 175; *New York Life Ins. Co. v Fulton Dev. Corp.*, 265 NY 348, 352; *Federal Deposit Ins. Corp. v 7 Bros. Constr. Corp.*, 237 AD2d 167, *lv dismissed* 91 NY2d 849; *Chemical Bank v Evans & Hughes Realty*, 205 AD2d 573, 575). The second, based upon more general res judicata principles, is that " '[a] cause of action is merged in a judgment rendered

upon it' " (*Hellstern v Hellstern*, 279 NY 327, 333; *see, Parker v Hoefer*, 2 NY2d 612, 617, *cert denied* 355 US 833; *Williamsburgh Sav. Bank v Bernstein*, 277 NY 11, 15). In *National Missions* the combination of those rules yielded the conclusion that the owner's recovery of a judgment for rent prior to receivership is equivalent to the owner's collection of rent prior to receivership (*see,* 79 NY Jur 2d, Mortgages and Deeds of Trust, § 826; 15 Carmody-Wait 2d, NY Prac § 92:486, at 456). Thus, it was not rent that remained unpaid at the time of the receiver's appointment in *National Missions,* but "a debt which the judgment debtor was under obligation to pay" to its judgment creditor (the trustee) and over which the receiver had no right or authority (*Board of Natl. Missions of Presbyt. Church v Borough Asphalt Co., supra,* at 262; *see,* 79 NY Jur 2d, *op. cit.;* 15 Carmody-Wait 2d, *op. cit.*).

We decline to follow *National Missions* because, in our view, it rests upon an inappropriate application of the merger by judgment rule. "The theory of merger of a judgment and its underlying cause of action, while it has served some other functions, essentially is based on a policy to prevent successive actions on the same cause" (*Jay's Stores v Ann Lewis Shops,* 15 NY2d 141, 147). The determination that entry of the judgment against Fay's transformed the nature of the underlying debt and placed it beyond the receiver's proper authority does not advance that policy. Rather, because "merger by judgment does not destroy all of the identifying characteristics or relationships of the cause of action which the judgment determines", it is appropriate to look beneath the judgment to the unpaid rent underlying it (*Jay's Stores v Ann Lewis Shops, supra,* at 147; *see, Clark v Rowling,* 3 NY 216, 220).

In determining the rights of the partnership and the receiver with respect to the proceeds of that judgment, it is also appropriate to consider the nature of the instant action. A mortgage foreclosure action is an equitable action (*see, Notey v Darien Constr. Corp.,* 41 NY2d 1055; *Jamaica Sav. Bank v M. S. Investing Co.,* 274 NY 215, 219; *Valley Sav. Bank v Rose,* 228 AD2d 666, 667), and a court of equity looks to the substance of the action, not its form (*see, American Broadcasting Cos. v Wolf,* 76 AD2d 162, 171, *affd* 52 NY2d 394; *Washer v Seager,* 272 App Div 297, 306, *affd* 297 NY 918; 55 NY Jur 2d, Equity, § 97). Entry of the judgment did not alter the substance of the obligation of Fay's to pay the accrued rent on its portion of the mortgaged premises or the right of the partnership to collect it. Rather, the "judgment is merely the old debt in a

new form" (*Walker v Muir*, 194 NY 420, 423; *see, Jay's Stores v Ann Lewis Shops, supra*, at 147).

Looking to the substance of the obligation underlying the judgment against Fay's, we conclude that the court properly directed Fay's to pay the proceeds of that judgment to the receiver. Under the terms of the order of appointment, the receiver is specifically authorized to collect rents due and unpaid at the time of its appointment (*see, S & H Bldg. Materials Corp. v European-American Bank & Trust Co.*, 104 Misc 2d 249, 253; *see also, Home Sav. Bank v 137 Duane St. Assocs.*, 197 AD2d 368, *appeal dismissed* 82 NY2d 888, *lv denied* 83 NY2d 755 [receiver's authority defined by order of appointment]). At the time of the appointment, the past-due rent had not been paid (*cf., Kane Assocs. v Blumenson*, 30 AD2d 127, *affd* 23 NY2d 942; *Rider v Bagley*, 84 NY 461, 465; *Federal Deposit Ins. Corp. v 7 Bros. Constr. Corp., supra; Chemical Bank v Evans & Hughes Realty, supra*, at 574-575). Because the rent owed by Fay's never came "to the hands" of the partnership, the receiver is entitled to collect it (*New York Life Ins. Co. v Fulton Dev. Corp., supra*, at 352; *see, Wyckoff v Scofield*, 98 NY 475, 477).

Accordingly, the order and judgment should be affirmed.

WISNER, PIGOTT, JR., BALIO and FALLON, JJ., concur.

Order and judgment unanimously affirmed, with costs.