## (December 16, 1999)

■ DAVID NAMENY, Appellant, v EAST NEW YORK SAVINGS BANK et al., Defendants, and ANDREW H. KULAK et al., Respondents. [699 NYS2d 412] —Order, Supreme Court, New York County (Harold Tompkins, J.), entered June 12, 1998, which, insofar as appealed from, granted the motion of defendants-respondents for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion denied and the complaint reinstated.

On October 2, 1992, plaintiff was delivering food supplies to

a restaurant operated by defendant Ernesto Rebollar when he fell on the stairs leading from the sidewalk to the basement, thereby suffering injury. According to plaintiff, he was caused to fall when the stairs "wobble[d]." Moreover, plaintiff submitted expert testimony that the stairs, which were made of wood, were visibly deteriorated, were unable to support a minimum load of 200 pounds, and did not have an adequate handrail.

Three months earlier, defendant Kulak had been appointed receiver of the building, with the authority to make reasonable and necessary repairs, and defendant Kinsey Corporation had been hired by defendant Kulak to act as his managing agent. Pursuant to the lease held by Rebollar, defendant Kulak had the right, but not the obligation, to enter the leased premises and to make inspections and repairs for the purpose of complying with laws and regulations.

On these facts, we find that the Supreme Court erred in granting defendants Kulak and Kinsey summary judgment. Under Administrative Code of the City of New York § 27-128, an "owner shall be responsible at all times for the safe maintenance of the building and its facilities." In light of this responsibility, a landlord may be held liable for negligence with respect to the condition of property even after the transfer of possession and control to the tenant where the landlord "has a contractual right to reenter, inspect and make needed repairs at the tenant's expense and liability is based on a significant structural or design defect that is contrary to a specific statutory safety provision" (*Johnson v Urena Serv. Ctr.,* 227 AD2d 325, 326, *lv denied* 88 NY2d 814; *see also, Guzman v Haven Plaza Hous. Dev. Fund Co.,* 69 NY2d 559; *Tkach v Montefiore Hosp. for Chronic Diseases,* 289 NY 387; *Manning v New York Tel. Co.,* 157 AD2d 264).

This matter is distinguishable from *Raynor v 666 Fifth Ave. Ltd. Partnership* (232 AD2d 226), relied on by the Supreme Court, in that the defect in that case, a hole in a carpet, was not a structural defect, unlike the defects alleged to have caused plaintiff's injuries in this matter, i.e., unstable and deteriorated steps, which, as alleged, would constitute a violation of Administrative Code §§ 27-127 and 27-375, and the absence of an adequate handrail, a violation of section 27-375.

Moreover, since these defendants had the right to reenter the areas of the building in which plaintiff suffered his injuries, it is for a jury to determine whether sufficient time had passed since the commencement of the receivership to charge them with constructive notice of the defects (*see, Federal Ins. Co. v Evans Constr.,* 257 AD2d 508; *cf., Capasso v Rosenblum,* 50

AD2d 584 [receiver who was appointed 6 hours before plaintiff suffered injury on subject property is not liable as a matter of law]). Concur—Ellerin, P. J., Rosenberger, Andrias and Buckley, JJ.