■ NORMA V. KRAUS, Respondent, v CALICHE REALTY ESTATES, INC., et al., Appellants. (And a Third-Party Action.) [734 NYS2d 14] —Order, Supreme Court, New York County (Elliott Wilk, J.), entered May 15, 2000, denying defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff's testimony that she fell down a stairwell at premises owned by defendants, which had no door, gate or barricade to prevent a fall, and the affidavit of plaintiff's expert stating that the entrance to the stairwell was hazardous since it was nothing more than a hole in the floor without any demarcation or security, raised a triable issue of fact warranting denial of the motion. On this record, it could be found that the stairway constituted a significant structural or design defect in violation of Administrative Code of the City of New York § 27-127 (New York City Building Code), and thus a basis may be present upon which liability might be imposed upon defendant landlord entities, which, although out-of-possession of the subject premises, retained the right to re-enter to make repairs (*see*, *Nameny v East N. Y. Sav. Bank*, 267 AD2d 108). Concur—Sullivan, P. J., Williams, Ellerin, Lerner and Saxe, JJ.

■ In the Matter of ROBERT RUOCCO, Appellant, v HOWARD SAFIR, as Police Commissioner of the City of New York, et al., Respondents. [733 NYS2d 603] —Judgment, Supreme Court, New York County (Marcy Friedman, J.), entered July 25, 2000, which dismissed the petition brought pursuant to CPLR article 78 to annul respondents' denial of petitioner's application for accident disability retirement benefits, unanimously affirmed, without costs.

The application was properly denied in view of the credible evidence, including petitioner's medical records and the results of respondents' examinations of petitioner, supporting respondent Medical Board's determination that petitioner's disability did not stem from the orthopedic condition upon which his application for accident disability retirement benefits was premised (*see*, *Matter of Borenstein v New York City Employees' Retirement Sys.*, 88 NY2d 756, 760-761). Concur—Sullivan, P. J., Williams, Ellerin, Lerner and Saxe, JJ.