■ JOSE CORNELIO NAJERA, Respondent, v KING DAVID DEVELOPMENT CO., L.P., Appellant. [899 NYS2d 231]—

Order, Supreme Court, New York County (Michael D. Stallman, J.), entered December 10, 2009, which, in an action by a waiter against an out-of-possession landlord for personal injuries caused by a defective dumbwaiter, denied defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendant.

Summary judgment should have been granted in favor of defendant because, under its lease with plaintiff's employer, it did not reserve the right to repair or maintain the dumbwaiter (see Lopez v 1372 Shakespeare Ave. Hous. Dev. Fund Corp., 299 AD2d 230, 231 [2002]). While defendant did reserve the right to reenter to make repairs to "pipes, ducts, cables, conduits, plumbing, vents and wires" to the extent it deemed necessary "for the proper operation and maintenance of the building," there is no showing that the dumbwaiter affected the operation and maintenance of the building. We would add that Administrative Code of City of NY § 27-998 (a), relied on by plaintiff, sets forth inspection and testing interval requirements that, to the extent applicable to dumbwaiters (see Administrative Code §§ 27-982, 27-998 [e] [all other devices not specifically mentioned shall be inspected "at such intervals as the commissioner may require"]), do not implicate a significant structural or design defect (see Nameny v East N.Y. Sav. Bank, 267 AD2d 108, 109 [1999]). Concur—Tom, J.P., Mazzarelli, Andrias, Saxe and DeGrasse, JJ.