(174 App. Div. 304)

### WIGGINS v. FREEMAN.

(Supreme Court, Appellate Division, Second Department. July 28, 1916.)

CORPORATIONS ☞627—RECEIVERS—ASSIGNMENT OF RENTS—RECEIVER'S DUTY.

Where the assignee for the benefit of creditors of an insolvent corporation, the owner of an equity of redemption, assigned future rents to secure loans to himself as assignee, his assignment did not take precedence of the receiver's right and duty to collect them for the benefit of the foreclosure action, the receiver having the prior right, and when the assignee was appointed receiver in the foreclosure action he should have held the rents for the credit of the action, and not paid them over, which he did at his own peril.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 2476; Dec. Dig. ☞627.]

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from Special Term, Westchester County.

Foreclosure action by William A. Wiggins against William H. Freeman, as receiver of rents. From an order settling the accounts of the receiver, plaintiff appeals. Order modified, and, as modified, affirmed.

Argued before JENKS, P. J., and THOMAS, CARR, RICH, and PUTNAM, JJ.

William W. Scrugham, of Yonkers, for appellant.
William H. Freeman, of Yonkers, for respondent.

CARR, J. This is an appeal from an order of the Special Term in Westchester county, settling the accounts of a receiver of rents in a foreclosure action. Freeman, the respondent, was an assignee of an insolvent corporation, the owner of the equity of redemption. As such assignee he borrowed some small sums of money and gave as security assignments of the rents thereafter to fall due. Then, when this action was brought to foreclose a mortgage on the premises, he was appointed personally as receiver of the rents and profits for the benefit of the action. He thereafter collected the rents and paid over to the assignees from him, as assignee of the corporation, the amounts he had borrowed, and accounted for the balance remaining. The plaintiff objected to the account of the receiver, but the court at Special Term allowed the account so far as this transaction is concerned. The plaintiff appeals.

The court was in error. The assignment of future rents did not take precedence of the receiver's right and duty to collect them for the benefit of the foreclosure action. The assignees of the future rents stood in no better position than the owner of the equity of redemption. As against him, the receiver had a prior right. Home Life Ins. Co. v. O'Sullivan, 151 App. Div. 535, 136 N. Y. Supp. 105; Fletcher v. McKeon, 71 App. Div. 278, 75 N. Y. Supp. 817. The receiver, having collected the rents, should have held them for the credit of this action. He paid them over to the assignees at his own peril, and should be charged accordingly on the settlement of his accounts as receiver.

The respondent, the receiver, relies upon Harris v. Taylor, 35 App. Div. 462, 54 N. Y. Supp. 864, to the contrary; but there the assignment by the mortgagor of rents thereafter to fall due was made to the holder of a prior mortgage upon the same premises, and was made expressly as a "further security" for the payment of the sum due or to become due on that mortgage. Hence that authority has no application to the present situation. Nor has the case of Thomson v. Erskine, 36 Misc. Rep. 202, 73 N. Y. Supp. 166, for there the assignment of future rents was made by the mortgagor to the mortgagees, and the question of the rights and duties of a receiver in a foreclosure action did not arise; for the mortgage was not foreclosed, and the action was between the mortgagees, as assignees of future rents, and the tenants of the premises, who owed the rents.

The order appealed from should be modified, by surcharging the receiver with the amounts of rents collected by him as receiver, which

have been paid over by him to the assignees of the future rents, and, as so modified, affirmed, without costs. As the receiver acted mistakenly, but in good faith, he should be allowed his commissions and reasonable expenses. All concur.