New York Life Insurance Company, Appellant, *v.* Fulton Development Corporation et al., Defendants, and The Klee Corporation, Respondent.

(Argued October 3, 1934; decided November 20, 1934.)

*William F. Columbus* and *Harry H. Bottome* for appellant.

*Francis D. Higson* for respondent.

CRANE, J.   The plaintiff, appellant, is the owner and holder of a duly recorded first mortgage, and the defendant, respondent, is the owner and holder of a second mortgage on premises located at 1950 Andrews avenue, The Bronx, New York city, owned by the defendant, Fulton Development Corporation.   The balance unpaid

upon the first mortgage is $951,500. The mortgage contained the usual clause assigning the rents of the mortgaged premises to the mortgagee as further security in the event of any default. Prior to January 13, 1932, the respondent had instituted an action to foreclose its second mortgage and had obtained the appointment of a receiver of the rents and profits. On the same day the owner and respondent entered into a written agreement whereby the respondent agreed to forthwith dismiss the foreclosure action then pending on its second mortgage, obtain the discharge of the receiver, waive all its rights to the receivership fund and disburse it as rents collected under the agreement, and enter into possession of the property and manage and operate it under the terms of the said possession agreement.

On the date of the execution of said agreement the owner was in default to the appellant under its first mortgage, and the respondent had notice and knowledge thereof. On July 27, 1933, the following defaults existed under the first mortgage: Installments of principal in the sum of $9,500 each which became due and payable April 1, 1932, October 1, 1932, and April 1, 1933, respectively; balance of installment of interest in the sum of $20,166.25 which became due and payable April 1, 1933; balance of taxes for year 1932 and the first half of taxes for the year 1933.

On that day in July an order was made and entered in this action of foreclosure appointing a receiver of the rents for the benefit of the plaintiff, appellant, and the receiver qualified thereunder. The order appointing the receiver provided, among other things, that " said receiver be and he hereby is directed to demand, collect and receive from the tenant or tenants in possession of said premises * * * all the rents thereof now due and unpaid or hereafter to become due." There remained arrears of rent amounting to $4,915.95, which were due and unpaid at the time of the appointment of this receiver, that is,

they were previously due but had not been collected or reduced to possession by the second mortgagee in possession. Who is entitled to this sum of money — the receiver under the first mortgage appointed July 27, 1933, or the second mortgagee in possession under agreement dated January 13, 1932? This is the question in substance and meaning certified to us by the Appellate Division.

There are certain fundamental principles which are well recognized regarding the rights and privileges of mortgagees in foreclosure proceedings. An owner of property is entitled to the rents until there is a default under the mortgage, then the mortgagee has an equitable claim to the rents that are unpaid. (*Lofsky* v. *Maujer*, 3 Sandf. Ch. 69; *Rider* v. *Bagley*, 84 N. Y. 461, 465.) When a receiver of the rents has been appointed in the foreclosure proceeding because of a default in the payment of principal or interest, he has a right not only to the rents that become due after his appointment but also to those that have accrued prior thereto and which have not been paid. (*Lofsky* v. *Maujer*, 3 Sandf. Ch. 69; *Wyckoff* v. *Scofield*, 98 N. Y. 475, 478.) In the latter case this court said: "The lien of the mortgagee thereon dates only from the appointment of the receiver, and his right to collect rents extends only to such as are unpaid at the time of his appointment." (See, also, *Donlon & Miller Mfg. Co.* v. *Cannella*, 89 Hun, 21.)

Do these rights and privileges come in conflict with similar rights and privileges possessed by a receiver first appointed under a junior mortgage? It has been settled that a receiver appointed in the action to foreclose a junior mortgage may keep and apply to that mortgage debt the rents which he has actually collected, as against a receiver subsequently appointed, in an action to foreclose a senior mortgage. (*Sullivan* v. *Rosson*, 223 N.Y. 217; *Abrahams* v. *Berkowitz*, 146 App. Div. 563; *Madison Trust Co.* v. *Axt*, 146 App. Div. 121.) The numerous cases estab-

lishing this right in the receiver under the junior mortgage all refer to the money or rents which he has actually reduced to possession and collected. When it comes to rents which are due but not collected he too has a lien upon them as security for the second or junior mortgage, but this lien on the rents, like the lien of the junior mortgage, is subject to the lien of the senior mortgage, and the interest due thereon, which also includes the lien upon unpaid rents.

When the senior mortgagee has a receiver appointed, the lien of the senior mortgage immediately attaches not only to future rents but also to past rents due and uncollected. As between the equitable liens of the senior and the junior mortgagees that of the senior is superior. For this reason the receiver appointed in the plaintiff's foreclosure action became entitled on July 27, 1933, to the rents due and uncollected at that time. (*Harris* v. *Taylor*, 35 App. Div. 462; *Wiggins* v. *Freeman*, 174 App. Div. 304; *357 East Seventy-sixth Street Corp.* v. *Knickerbocker Ice Co.*, 263 N. Y. 63.)

A mortgagor owner may collect the rents and apply them to his own use because the equitable lien given by a mortgage does not come into force and effect until the appointment of a receiver or the entry into possession of the mortgagee. (*Sullivan* v. *Rosson, supra,* and *Wyckoff* v. *Scofield, supra.*) However, the receiver appointed in foreclosure may be authorized to collect such rents as have theretofore accrued but not yet come to the hands of the owner of the equity of redemption. Whether, as claimed by the respondent in this case, the owner could assign rents to become due to third parties so as to deprive the mortgagee of this equitable lien upon uncollected rents need not be taken up at this time. (*Harris* v. *Taylor, supra,* as explained in *Wiggins* v. *Freeman, supra,* may bear upon the subject.) We have no such question here.

We have touched upon this subject as though the receiver under this junior mortgage remained in possession.

The case for the respondent is not quite so strong. The receiver was discharged from possession and the order appointing him vacated on the day that the owner and the second mortgagee entered into the possession agreement, which was January 13, 1932. Thereafter the second mortgagee collected the rents, pursuant to the agreement and as agent of the owner, not by virtue of the law of receiverships or of mortgagees in possession. (*Osinoff* v. *Gert Realty Corp.*, 260 N. Y. 36.) This agreement gave the possession of the property to the mortgagee to collect the rents, pay for repairs and necessary expenses, turning the balance over to the tax collector and the first mortgagee for installments due upon the first mortgage. This agreement was made, as above stated, January 13, 1932. An installment became due two and a half months thereafter, April 1, 1932, another one October 1, 1932, and still another April 1, 1933. These, it is said, have not been paid, together with a large amount of interest. The uncollected rents run up to July 27, 1933. If the respondent, the second mortgagee, had collected this unpaid rent, it could not keep it, but would be obliged to pay it over in accordance with the agreement, that is, after deducting expenses and taxes, give it to the first mortgagee on the installments due.

The question came into the courts on a motion of the respondent, The Klee Corporation, second mortgagee, to modify the order appointing the receiver in the foreclosure action of the first mortgage to the extent of vacating the direction to collect the rents due but unpaid and for a further modification directing the receiver to account for and turn over to the respondent any and all moneys representing rents which had accrued but were uncollected on July 27, 1933. The Special Term denied the application. The Appellate Division reversed, two of the justices dissenting.

For the reasons here stated we deem the Special Term order the correct one, and, therefore, the order of the

Appellate Division should be reversed and that of the Special Term affirmed, with costs in this court and in the Appellate Division. The question certified should be answered in the negative.

POUND, Ch. J., LEHMAN, O'BRIEN, HUBBS, CROUCH and LOUGHRAN, JJ., concur.

Ordered accordingly.