A. B. See Elevator Co., Inc., Plaintiff, *v.* Bond and Mortgage Guarantee Company and Others, Defendants.

Municipal Court of New York, Borough of Manhattan, Ninth District, April 3, 1935.

*Benjamin & Benjamin*, for the plaintiff.

*Samuel C. Whitman*, for the defendant Bond and Mortgage Guarantee Corporation.

*Sullivan & Cromwell*, for the defendants Bankers Trust Company and another, as trustees.

Lewis (David C.), J. The Simmons Apartments, Inc., was the owner of certain real estate conveyed to it subject to a certain mortgage. The Bond and Mortgage Guarantee Company held the mortgage. The Bond and Mortgage Guarantee Company sold this mortgage, as a guaranteed mortgage, to the Bankers Trust Company and William Nelson Cromwell, as trustees.

The mortgage contained the usual assignment of rents clause. The guaranty policy included the customary provisions appointing the guarantor an attorney for the enforcement of the payment of the mortgage. A default in the payments due on the mortgage occurred, and thereafter the guarantor, exercising its powers under the guaranty agreement, secured an assignment of the rents from

the Simmons Apartments, Inc. (which was not on the bond), to the Bond and Mortgage Guarantee Corporation, a subsidiary and the designee of the Bond and Mortgage Guarantee Company.

By this assignment agreement the Bond and Mortgage Guarantee Corporation was given control and possession of the mortgaged premises by the owner, Simmons Apartments, Inc.; and it was also granted certain rights and powers in connection with said possession and control, including the authority to use the rent for repairs to the elevators. Thereafter the plaintiff performed certain work on the elevators in the said premises.

The plaintiff brings this action to recover the price of its labor and has joined the Bankers Trust Company and William Nelson Cromwell, as trustees (the mortgagees), and the Bond and Mortgage Guarantee Corporation (the subsidiary of the guarantor, being a corporation formed in rehabilitation of its parent for the purpose of taking possession of the assets and business of the Bond and Mortgage Guarantee Company), the party in possession and control of the property.

If we restrict our consideration to the immediate parties to the transactions with the plaintiff, we limit the liability to the defendant Bond and Mortgage Guarantee Corporation. To extend liability to any of the other parties, we must spell out an agency — either for a disclosed or undisclosed principal, and either authorized in fact, or implied in law.

How does the law focus the relationship and rights of the respective parties?

The owner of real property has the right to its control and rents until the execution of an assignment or the appointment of a receiver. The assignment clause in the mortgage does not automatically work a transfer. This clause only gives the mortgagee an inchoate right, if any, to the rents. Default and a receiver, or an assignment of rents, must be had to make such inchoate right a vested one.

" A mortgagor owner may collect the rents and apply them to his own use because the equitable lien given by a mortgagee does not come into force and effect until the appointment of a receiver or the entry into possession of the mortgagee." ( *New York Life Ins. Co.* v. *Fulton Development Corp.*, 265 N. Y. 348, at p. 352.) (See, also, *Woman's Hospital* v. *67th St. Realty Co.*, Id. 226, at p. 233.)

And it is to be noted that the Bond and Mortgage Guarantee Corporation never owned this property, nor had any lien upon it. In fact, the Bond and Mortgage Guarantee Company, its parent,

had to look to the mortgage held by the Bankers Trust Company and William Nelson Cromwell, trustees, and also to the agreement of its guaranty for its claim to any rights.

What is the relationship between the holders of the mortgage and their guarantor, acting under these provisions? It has been suggested that there is a relationship of agency, but that holding is not free from doubt. For it appears the highest court has refrained from conclusively committing itself on this particular point.

" We are asked on these appeals to answer the certified question: ' Was Lawyers Mortgage Company the agent of [the mortgagees] in collecting rents and income from mortgaged premises under the assignment of rents herein?' That question is not decisive of the appeal, and we do not answer it. The assignee had as guarantor an interest in collecting these rents and applying them upon the mortgages. Regardless of whether we classify the relation of the assignee to the mortgagees as that of agent with or without an interest, or as principal acting for its own benefit, it certainly received and held the moneys collected as a trust fund for application upon the mortgages and for the protection of the owners of the mortgage, so far as under the assignments the rents may be applied to such purposes." (*Woman's Hospital* v. *67th St. Realty Co.*, *supra*, at bottom of p. 232, and top of p. 233.)

The assignment of rents agreement remains to be considered. For it is to be observed that this document (not any receivership or mortgage) is the source and origin of the authority of the Bond and Mortgage Guarantee Corporation. The construction of this agreement should control the consideration of this case. (*Osinoff* v. *Gert Realty Corp.*, 260 N. Y. 36, at foot of p. 42.)

This agreement granted the Bond and Mortgage Guarantee Corporation certain rights to the possession and control of the property. By its conduct the Bond and Mortgage Guarantee Corporation might incur additional individual responsibilities, but it could not create additional individual rights.

The agreement for the assignment of rents did not constitute the assignee the general agent, either of the assignor (the owner), who executed it, or the mortgagee, for whose added security it would operate. The agreement gave only a qualified power of attorney, limited as expressly stated. It gave no authority to the Bond and Mortgage Guarantee Corporation to pledge the personal credit of either the owner or the mortgagee. And the plaintiff does not, and cannot, claim estoppel. For it dealt with the Bond and Mortgage Guarantee Corporation as principal.

Aside from the power of attorney included in the assignment of rents, no agency existed as a matter of fact; none could be implied as a matter of law. Hence the Bond and Mortgage Guarantee Corporation, lacking the right to bind the other parties, the plaintiff had no right to hold them. As far as concerns the problem before me, we can be content with the finding that the assignee had no authority (except as authorized by the agreement of the assignment of rents, or the power in the agreement of guaranty) to bind any one but itself or its parent corporation.

Motion of the plaintiff for summary judgment against the Bond and Mortgage Guarantee Corporation granted. Denied as against the other defendants.

Motion of the defendant Bond and Mortgage Guarantee Corporation for judgment on the pleadings denied.

Motion of the defendants Bankers Trust Company and William Nelson Cromwell, as trustees, for summary judgment dismissing the complaint as against them is granted.