Joseph S. White, as Successor-Trustee, v. Anthony Investment Co., *et al.*

160 So. 881.

Division B.

Opinion Filed April 19, 1935.

S. C. *Kearley*, J. *Lee Chapman*, and A. *Melrose Lamar*, for Appellant;

C. D. *Blackwell*, for Appellees.

Buford, J.—Appeal here brings for review an order of the Circuit Court of Palm Beach County, Florida, distributing a fund derived from rent paid for a certain building in the hands of a Trustee in bankruptcy.

The building did not belong to the bankrupt. Therefore, the fund constituting the rent for the building was not a fund in which the creditors of the bankrupt had a right of distribution. Against the building there was a lien created

by a trust deed. The trust deed also created a lien on the rents, issues and profits derived from the building. The occupant of the building became insolvent and went into bankruptcy. Trustee was appointed and was authorized to pay rents on the building.

On May 10th demand was made by the attorneys for bondholders that the rents be paid over to them for the benefit of bondholders which bonds were secured by mortgage on the rented property. The Trustee from then on held the rents in his hands. On September 14, 1932, a bill was filed in the Circuit Court of Palm Beach County to foreclose a mortgage and on September 30, 1932, a Receiver was appointed to take charge of the mortgaged property. The Trustee in bankruptcy interpleaded in the Circuit Court showing that he had the rents due for May, June, July, August, September and October in his possession and asked for directions as to whom it should be paid. The Court ordered the rent accruing prior to September 30th, to be paid to the owner-landlord, who was the mortgagor, and for the rents accruing after September 30th, 1932, to be paid to the Receiver in the mortgage foreclosure case.

The decree was entered on a stipulation of facts.

The only question involved is, "When does a mortgagee of real estate holding a mortgage pledging the rents, issues and profits of such real estate become entitled to receive such rents, issues and profits?" We think that the general rule is that such mortgagee becomes entitled to receive such rents, issues and profits to be credited upon his mortgage debt from the time he takes possession of the property either by the consent of the owner or through the appointment of a Receiver in foreclosure proceedings, if a Receiver is appointed. The rule appears to be that he is not only entitled to the rents which accrue after that time but he is entitled

to such rents as have accrued prior to the appointment of a Receiver and after default but which have not been paid. See New York Life Ins. Co. v. Fulton Development Corporation, 265 N. Y. 348, 193 N. E. 169; Rider v. Bagley, 84 N. Y. 461; Wyckoff v. Scoffield, 98 N. Y. 475; Donlon Mfg. Co. v. Cannella, 89 Hun. 21, 34 N. Y. St. 1065; Harris v. Taylor, 35 App. Div. N. Y. 462, 54 N. Y. St. 864; Wiggins v Freeman, 160 N. Y. St. 448, 174 App. Div. 304.

In Federal Land Bank of Columbia v. Evans, 106 Fla. 560, 143 Sou. 403, it was stated:

"The bill of complaint was filed on March 25, 1930. Final decree was entered on July 1, 1930, and Master was thereby appointed to make sale. Before the final decree was executed and on March 30th, 1931, the complainant filed a supplemental bill to subject to his lien the rents which had accrued for the year 1930 in the sum of $300.00, and which had been paid by a tenant after the entry of the final decree at the request of the complainant to the Special Master, and prayed for the appointment of a Receiver to take over the mortgaged premises, together with the rents, revenues, income and profits and also all rents, incomes, revenues and profits due and unpaid thereon for the year 1930, and it further prayed that Receiver be authorized to rent and lease the mortgaged premises for the year 1931."

In that case the Chancellor allowed the complainant to file a supplemental bill but denied the appointment of Receiver, reserving the right in the court, however, to appoint a Receiver at some future date. The order required the master to pay over to the mortgagor-defendant the rent which had been paid to the master by the tenant for the year 1930. We held:

"In this case the rents accrued after the filing of the original bill and the rents were paid into the hands of the

master in chancery after the entry of the final decree. The complainant was entitled to enforce his lien against the rents under the terms of its mortgage."

We reversed the decree of the lower court with directions that a decree be entered not inconsistent with the views expressed. In a special concurring statement Mr. Justice Davis said:

"The rent accrued after the filing of the original bill. It matured after the entry of the final decree. Upon appropriate supplemental pleadings, complainant's lien against this already collected rent could have been enforced without the appointment of a receiver. Therefore, it was error for the Court to direct the rent paid to the mortgagor, Evans, after final decree and after it was sought to be reached by supplemental bill in the hands of the Court's Special Master who held it subject to judicial disbursement."

"The Court already had the money under its control in the hands of its special master to whom it had been paid by the tenant of the mortgagor. It was only necessary to adjudicate complainant's right to and order it credited on the decree, after the master had collected it. Had the mortgagor collected it, I agree with Mr. Justice BROWN that it would have been beyond complainant's reach, and that only through a receiver to collect future rents, could the lien on rents be made effective."

The facts in the case before us are so nearly analogous to the facts in that case that the same rule should be applied here. In this case the rental is not in the hands of a master in chancery but it is in the hands of the officer of the court. The rent had not been paid to the mortgagor but had been held intact by an officer of the Federal Court who was in possession of the property as tenant until he paid the rent which had accrued prior to the filing of the bill of

complaint together with the rent which had accrued subsequent to that time in the registry of the Circuit Court. None of this rent had ever been subjected to the possession of the mortgagor-defendant and it all accrued after default in the payments on the mortgage and interest. It accrued after it was evident that the real estate would not satisfy the mortgage debt. It became payable after bondholders had demanded the sequestration of the rents to apply on the mortgage debt then delinquent. Because of these facts, the entire sum became subject to the lien created in the mortgage.

The order appealed from should be reversed with directions that an order be entered not inconsistent with the views herein expressed.

It is so ordered.

Reversed with directions.

ELLIS, P. J., and TERRELL, J., concur.

WHITFIELD, C. J., and DAVIS, J., concur in the opinion and judgment.

BROWN, J., dissents.