THE STATE BANK OF WILLIAMSON, as Successor-Trustee under a Certain Trust Indenture and Mortgage, Plaintiff, *v.* LAMOKA POWER CORPORATION and Others, Defendants.

In the Matter of the Petition of WADSWORTH & OLMSTEAD, INC., to Compel OLIF L. TASSELL, as Receiver of LAMOKA POWER CORPORATION, to Pay Its Claim for Premiums Due on Workmen's Compensation Insurance.

STATE BANK OF WILLIAMSON, as Successor-Trustee, and OLIF L. TASSELL, as Receiver, Appellants; WADSWORTH & OLMSTEAD, INC., Respondent.

Fourth Department, June 26, 1935.

*Kenneth B. Keating* and *Keith D. Poland,* for the appellants.

*Lewis P. Smith, Jr.,* for the respondent.

TAYLOR, J.  Appellant State Bank of Williamson, as trustee for bondholders of the Lamoka Power Corporation, is foreclosing a mortgage on the property of that corporation.  Respondent-petitioner Wadsworth & Olmstead, Inc., as subrogee of the Ætna Life Insurance Company, is concededly a creditor of the Lamoka Corporation, for earned premiums of $405.73 upon workmen's compensation policies, paid by respondent in behalf of the Lamoka Corporation.  After default on the bonds a receiver was appointed in the foreclosure action.  The receiver has collected over $5,000, of which $325 was due and owing for real property rentals before his appointment, and the balance was not due and payable until after the day of the appointment of the receiver, although it had been earned for power sold before that time.  Our question is whether respondent, a general creditor, is entitled to this sum of $405.73, with interest, in preference to the bondholders as represented by the receiver, the premiums having been earned and having become payable by the Lamoka Corporation before the appointment of the receiver.  That question has been answered in the affirmative by the Special Term.

We are referred by appellants to the case of *New York Life Ins. Co.* v. *Fulton Development Corp.* (265 N. Y. 348) as an authority requiring reversal.  That case deals with rights *inter sese* of mortgage lienors and owner and of different mortgage lienors.  The decision proceeds upon the established principle that while a mortgagor-owner, or a receiver appointed by a junior mortgagee, has a right to retain rents due and actually collected by him before entry into possession by a senior mortgagee or before the appointment of a receiver by such mortgagee, the senior mortgagee in possession, or his receiver, is entitled to all rentals uncollected by the owner or the junior receiver although the rentals were due before the senior receiver was appointed.  The case has no bearing

upon the relative rights of the parties to this proceeding, *i. e.*, of this creditor and the receiver in so far as he was appointed to collect income and profits.

The opinion in *New York Security Co.* v. *Saratoga G. & El. L. Co.* (159 N. Y. 137), in connection with the facts there involved, indicates an affirmance here. In that case a sequestration receiver had been appointed at the suit of a general creditor and at the same time a receiver was appointed in an action to foreclose a corporate mortgage given to secure bondholders. The mortgage, as in the case before us, conveyed incomes and profits present and future. The Court of Appeals held that money collected by the foreclosure receiver but earned before the commencement of the foreclosure action belonged in equity to the general creditors as against the bondholders whose equitable lien under the mortgage did not take effect until the appointment of the receiver, the mortgagee not having taken possession. (See, also, *New York Life Ins. Co.* v. *Fulton Development Corp., supra*, 352.) There, as here, the general creditor (through his receiver) had not come into possession of the funds in question but was seeking to obtain possession from the foreclosure receiver. The discussion on pages 143, 146 of the opinion in the *Saratoga* case is particularly forceful in aid of this respondent's contention. For example the court said: " Where a mortgage by a corporation to secure the payment of the principal and interest of its bonds, such as this is, is made, although in terms purporting to include future earnings and products, it does not, as against general creditors, operate as a lien upon such earnings until actual entry and possession under the mortgage by the mortgagee. * * * The lien upon the earnings, in favor of the bondholders, attaches only upon what is earned after the time when the lien is perfected by entry and possession. * * *

" We think that justice and equity are best promoted by limiting the right or lien of the bondholders to such earnings only as shall accrue after the mortgage trustee or the receiver shall have actually taken possession. The earnings prior to that time should in equity be awarded to the general creditor."

The fact that in that case the general creditor had obtained a judgment and the appointment of a sequestration receiver does not distinguish the case from the one we are considering with respect to the relative rights of respondent and the receiver. The sequestration receiver there represented the one creditor only; the receivership did not make the general creditor a secured creditor, and the decision did not turn upon a determination that the receiver obtained a lien on the particular funds in controversy in competition with the lien obtained by the foreclosure receiver on appoint-

ment. The judgment served to fix the amount due which is conceded in the instant case. It should be added that although all except $325 of the money collected by the receiver in the present action was not due and payable until after the appointment of the receiver, it was money " earned " before that time and, therefore, funds available to this general creditor ahead of the rights of the receiver within the meaning of the opinion in the *Saratoga* case.

If — as against appellants — the respondent is in the position indicated with respect to the moneys earned prior to the appointment of the receiver, section 130 of the Workmen's Compensation Law comes to respondent's aid. The receiver has no equitable lien upon such funds and the statute mentioned gives respondent preference over all general claimants, barring claimants for wages.

Respondent was required to proceed in the foreclosure action as it did to protect its rights. (*Platt* v. *New York & Sea Beach R. Co.*, 170 N. Y. 451.) Its status in court and its procedure and selection of remedy are not criticized.

The order appealed from not only is declaratory of the relative rights of respondent and the receiver, but it directs immediate payment of the $405.73, with interest, to respondent. We disapprove of the order in so far as it directs payment. Respondent is not in a position to claim immediate payment in full as against possible existing wage claimants having prior preferential rights and other claimants having equal rights. Payment must await future proceedings.

The order in so far as it directs payment should be reversed and the last part of the declaratory paragraph should be modified to read, " is entitled to priority over all claims under said mortgage." No costs should be allowed.

All concur. Present — SEARS, P. J., TAYLOR, EDGCOMB, CROSBY and LEWIS, JJ.

Order reversed in so far as it directs immediate payment and modified so as to declare that the general creditors have prior rights over the claims of the bondholders, and as modified affirmed, without costs.