HORTON, Judge.
The appellant was one of the defendants in the trial court and the appellees were the plaintiffs. The appellees instituted an action to foreclose a junior mortgage on two hotel properties in downtown Miami, during the course of which a receiver was appointed for the mortgaged premises on January 19, 1962. The mortgage contained a receivership clause and pledged the “rents, issues and profits” as security for the payment of the mortgage debt.
Prior to a hearing on the request for the appointment of a receiver, the parties entered into a stipulation which, in substance, admitted and confessed the allegations of the complaint for foreclosure and that the appellant had no defense or counterclaim. The stipulation provided for certain payments to be made within a specified time in order to place the mortgage in good standing and also contained a provision whereby “ * * * all rents, issues, incomes and profits derived from the property * * * *92 shall be deposited * * * into a depository upon which vouchers can only be drawn * * * by * * * Sidney Wasserman and Samuel J. Kanner * * If the payments required by the terms of the stipulation were not made, then the appellees were entitled to apply without notice for the appointment of a receiver and a final decree of foreclosure with the further stipulation that upon the appointment of a receiver in the case of default, “ * * * any and all sums of money which shall remain on deposit in the depository * * * shall forthwith be paid to the said receiver to be applied toward the indebtedness due the plaintiffs in this cause.”
The payments were not made as required by the terms of the stipulation, whereupon the appellees applied for and obtained the appointment of a receiver who took over the operation of the two hotel properties covered by the mortgage sought to be foreclosed. A final decree of foreclosure was entered, and the properties were sold to the Biscayne Bay Corporation which bid and deposited with the clerk of the circuit court the sum of $52,000. A certificate of title was subsequently issued to the purchaser at the foreclosure sale. The receiver thereupon petitioned for confirmation of his accounts and discharge, to which appellant filed exceptions. The chancellor entered an order confirming the receiver’s accounts, directing a delivery to the plaintiffs of the sums of money and assets held by the receiver, discharging the receiver and dissolving his bond. It is from this latter order that the appeal has been taken.
The appellant contends on this appeal that certain items contained in the receiver’s final report, as well as his partial report,, were not rents, issues or profits derived from the property and therefore they were not assets in the hands of the receiver subj ect to the pledge contained in the mortgage for the payment of the mortgage debt.
Appellant also contends that, under the rule in White v. Anthony Inv. Co.[1] the receiver had no power or right to take over “income” from the hotel property which appellant claimed was earned and accrued prior to default and the receiver’s appointment. We have viewed the record in the light of the above cited case and conclude that this latter contention is without merit.
As to the appellant’s first contention, there are some seven categories of monies and assets listed by the appellant which it claims, as its own property or conversely, that they did not constitute assets in the hands of the receiver subject to the pledge in the mortgage of the rents, issues and profits.
 We have carefully examined the two reports rendered by the receiver, as-well as the accounting report prepared on behalf of the appellant, and conclude that the following items were specifically pledged by the stipulation or were subject to the pledge of the rents, issues and profits as security for the payment of the debt as-provided in the mortgage, i. e., (1) the city ledger accounts, (2) the house bank, (3) the claim for fire loss, (4) the parking lot security, and (5) the liquor stock. However,, the telephone security deposit, in the approximate amount of $900, and the remainder of a premium deposit of $2,097.07, for workmen’s compensation insurance were not rents, issues and profits covered by the terms of the mortgage, nor were they items- *93 specifically pledged hy the stipulation. Therefore, they should not have been considered as assets in the hands of the receiver subject to the payment of the debt of the mortgage. See 45 Am.Jur., Receivers, § 145. “Rents, issues and profits” has a well understood meaning and refers to rents collected hy the party in possession or the net profits accruing to him from said property.[2] These last two items clearly do not fall within the above definition.
Another item which the appellant claims was its property and not subject to the receivership, concerns certain security deposits in the sum of $2,565 collected by it from certain lessees of the hotel premises. These deposits were apparently not delivered to the receiver but in paragraph 8 of the order appealed the chancellor included that sum as chargeable against the appellant. The record in this cause does not disclose when these deposits were collected, but it must be assumed such collections were made prior to the receiver’s taking possession of the property. Nor has it been made to appear that they were collected after the mortgage was in default. Therefore, since the order appealed must be reversed for the entry of an order restoring to the appellant the items of the telephone deposit and the workmen’s compensation insurance premium deposits, the chancellor should reconsider the item of security deposits, collected by the appellant from lessees of the hotel premises, in the amount of $2,565 and determine whether such collections were made prior or subsequent to a default in the mortgage.[3] If a default is found to have existed at the time of the collection, then the order should stand as to this item. Otherwise, an award of said sum should be made to the appellant in addition to the other items mentioned hereinabove.[4]
The order appealed is affirmed except as to the telephone and workmen’s compensation insurance premium deposits, and as to these, the order is reversed. The cause is remanded for the entry of an appropriate order not inconsistent herewith.
Affirmed in part, reversed in part and remanded with directions.

. 119 Fla. 108, 160 So. 881, 882, where the court said: “The only question involved here is, ‘When does a mortgagee of real estate holding a mortgage pledging the rents, issues and profits of such real estate become entitled to receive such rents, issues, and profits?’ We think that the general rule is that such mortgagee becomes entitled to receive such rents, issues, and profits to be credited upon his mortgage debt from the time he takes possession of the property either by the consent of the owner, or through the appointment of a receiver in foreclosure proceedings, if a receiver is appointed. The rule appears to be that he is not only entitled to the rents which accrue after that time, but he is entitled to such rents as have accrued prior to the appointment of a receiver and after default but which have not been paid.”

. People v. Gustafson, 53 Cal.App.2d 230, 127 P.2d 627.

. See note 1, supra; 22 Fla.Jur., Mortgages, § 451.

. See New York Life Ins. Co. v. Fulton Development Corp., 265 N.Y. 348, 193 N.E. 169, 171.