Donald H. Mead, J.
On March 2, 1965 the plaintiff, Kelley Bros., entered a judgment in the amount of $15,822.04 against the defendant, Primex Equities Corporation. Pursuant to this judgment the plaintiff sought to execute upon the rents due from tenants at 736-742 James Street and Midtown Car Center located at 801 Erie Blvd. East, both properties being in Syracuse, New York and owned by defendant, Primex. In connection with the execution there was a restraining notice to said tenants directing them to refrain from paying any rent to the defendant or any agent representing the mortgagees of the several properties. The New York State Teachers Retirement System, holder of certain mortgages in the amount of $500,000 on the James Street property and the Sixty Trust of Providence, Rhode Island, the holder of mortgages in the total amount of $1,600,000 on the Midtown Car Center property at 801 Erie Blvd. East, severally move to vacate the execution and restraining notice served on the tenants of the respective properties. Inasmuch as the motions were argued and heard together they will be treated and decided in this single decision.
As to the Erie Blvd. East property, the defendant and owner thereof, Primex Equities, executed and delivered to the Sixty Trust, mortgagee, an assignment of all leases and rents which was recorded in the Onondaga .County Clerk’s office on August 14, 1963 in Book 2144 of Mortgages at page 406. The existing mortgages on said property, as well as the assignment of the leases and rents contained provisions authorizing the collection of rents by the Sixty Trust or its duly authorized agent, in the event of a default of any of the mortgage provisions by the mortgagor, its successors or assigns. Thereafter, by agreement dated August 24, 1964, Sixty Trust, with the consent of Primex Equities, constituted the Merchants National Bank & Trust Company, its agent, to collect all rents for the premises known as Midtown Car Center at 801 Erie Blvd. East, Syracuse, New York. The bank commenced its management of the property, including the collection of rents therefrom, on August 24, 1964 and continued in this capacity until succeeded on January 1, 1965 by Malcolm A. Sutton, doing business as Malcolm A. Sutton Company of 700 Loew Building, Syracuse, New York, its successor agent. On October 2, 1964 Primex Corporation executed and delivered to Sixty Trust a subsequent assignment of leases and rents wherein Primex, in substance, ratified and confirmed the prior assignment of leases and rents as well as the agreement entered into between the Sixty Trust and Merchants National Bank & Trust Company on August 24, 1964 and extended said *257 assignment and agreement to cover additional leases. In said latter assignment Primex represented that it had given written notice to all present tenants to pay to the bank or any successor agent, until further notice from said agent, all rents due or to become due from said tenants or future tenants. The latter agreement of October 2, 1964, in addition to assigning the rents and leases and granting the right to collect the rents therefrom, also grants to the Sixty Trust the right and power to,change, cancel or terminate such leases and provides that it is to be valid until the payment of all defaults under the mortgages.
The assignment of the leases and rents to the Teachers Retirement System was not unlike that of the assignment to Sixty Trust. There, the Teachers Retirement System held several mortgages on the James Street property which were consolidated by agreement, dated July 1, 1963 and recorded in the Onondaga County Clerk’s office on July 2, 1963 in Book 2134 of Mortgages at page 462. On the same date, July 2, 1963, the Teachers Retirement System recorded in the Onondaga County Clerk’s office, in Book of Mortgages 2134 at page 477, an assignment by Bersani Realty & Construction Co., Inc., the owner of the leasehold and predecessor in title of Primex Equities Corporation, which instrument in writing assigned to Teachers Retirement System the leases, and rents due thereunder, of the tenants occupying the James .Street property. Upon default in the payment of principal, interest, water rates, taxes and insurance premiums under the terms of the consolidated mortgages, the mortgagee, Teachers Retirement System, on August 20, 1964, served notice in writing on Bersani Realty & Construction Go. Inc., that it was exercising its option, under the aforesaid assignment, to take over and assume the management of said mortgaged premises until the payments due and owing upon the mortgages covering said premises ‘1 have been brought to a current status so as to eliminate the defaults which now exist ’ ’. Said notice further advised that Malcolm A. Sutton Company of Syracuse, New York, was appointed its managing agent of the property. The mortgagee thereupon, by personal service, gave written- notice to all tenants that it had assumed control and management of the premises and that payments for rents, issues and profits on said property or any part thereof, whether by written lease or otherwise, and whether for current payments or arrears, shall henceforth, until further notice, be payable to Malcolm A. Sutton Company, its agent.
In an affidavit submitted by counsel for the Teachers Retirement System in support of its motion to vacate, it is alleged that *258 the mortgagee, through its agent, has been collecting the rents, issues and profits of said premises since September 1, 1964. That at the present time the assignment of leases and rents is in full force and effect and that the mortgage is still currently in default in the sum of $39,375. That as a result of the service upon them of the plaintiff’s execution and restraining notice, the said tenants have refused to pay to the Retirement System or its agent, Malcolm A. Sutton Company, the rents to which the mortgagee is legally entitled and that by reason thereof it is impossible for the mortgagee to make payment on the second quarterly taxes due April 1, 1965 in the amount of $5,238; the gas and electric bill for $1,400; the ground rent for $1,050 and numerous other expenses. Upon the argument there was handed up to the court in support of said motion to vacate, an affidavit by Malcolm A. .Sutton verified April 12,1965 in which he alleges, in substance, that on August 20, 1964 he was engaged by the New York State Teachers Retirement System to assume management, effective August 26, 1964, of certain properties in Syracuse, New York including 736-742 James Street, as agent of said Retirement System, the mortgagee in possession. That on September 1, 1964, he commenced collection of all rents of said premises and has continued to collect said rents from that date to the present time. That he has deposited said rents in a checking account at the Marine Midland Bank under the name of “ Malcolm A. Sutton Co., 742 James .Street Account ”. Further, that , he has been paying from said receipts all of the expenses of the property including real estate taxes, ground lease rental, vendors including utilities and cleaning services, and that he has been making all necessary repairs to said ■premises including work on the air-conditioning system, the renovation of unoccupied portions of the premises and has negotiated with vendors on past-due bills and entered into lease arrangements for rental of unoccupied space. That he has been remunerated for such services by New York State. Teachers Retirement System out of the income of said property and that he has done everything which, in his opinion, is necessary for the proper maintenance and operation of the building and grounds since the mortgagee took possession thereof under the aforesaid assignment of rents and leases.
Upon this motion it is contended by Kelley Bros., the judgment creditor, that inasmuch as the mortgagees have .failed to institute foreclosure actions, wherein they would be entitled to the appointment of receivers under the terms of their respective mortgages., the agreement between said mortgagees and Malcolm *259 A. Sutton, their agent, constitute, as most, management agreements wherein title to the rents is retained by the owners of the properties and that by reason thereof the Sixty Trust and Teachers Retirement System may not be deemed mortgagees in possession. This argument ignores the realities of the facts in the case.
An “ assignment of rents ” clause in a mortgage or by separate instrument does not automatically work a transfer of the right to the rents as to the time of default (Sullivan v. Rosson, 223 N. Y. 217; Dime Sav. Bank v. Altman, 249 App. Div. 174; Dime Sav. Bank of Brooklyn v. Lubart, 38 N. Y. S. 2d 252; see Elevator Co. v. Bond & Mtge. Guar. Co., 155 Misc. 103). The mortgagee must assert his right under the assignment and endeavor to reduce the pledge to possession. (Chase Nat. Bank v. Guardian Realties, 283 N. Y. 350; Sullivan v. Rosson, supra; Womans Hosp. v. 67th St. Realty Co., 265 N. Y. 226; New York Life Ins. Co. v. Fulton Development Corp., 265 N. Y. 348.) Nor does a mere “ management agreement ” which gives the mortgagee power to collect and distribute rents in behalf of the owner, vest title to the rents in the mortgagee or his agent. (Corwin v. Schafer, 260 App. Div. 521, 524; Bank of United States v. 258 Fifth Ave. Corp., 20 N. Y. S. 2d 444.) This latter type of agreement does not divest the mortgagor-owner from title to the rents so as to constitute a mortgagee acting thereunder a mortgagee in possession. (Ireland v. United States Mtge. & Trust Co., 72 App. Div. 95, affd. 175 N. Y. 491.)
Under the facts here it may not be said that the rents are being collected by the Sutton Company without consent or acquiescence on the part of the owners of the equity of redemption. In the assignment given to the Sixty Trust by Primex Equities on October 2, 1964, the assignor represented that it had notified its tenants in writing that the rents were to be paid to the Sutton Company. In the case of the James Street property, the agent of the mortgagee has been collecting the rents and managing the property since September 1, 1964 without any complaint or objection by the owner of the equity. Certainly, such action on the part of the owner implies its agreement and consent to the arrangement and indicates its intention to permit the mortgagee to enter into possession of the premises. Clearly, under the facts here presented, the pledges of rents as further security and given under the terms of the several assignments were, by the actions of the parties, made effective and reduced to the possession of the respective mortgagees so as to divest the owners of the equity of title thereto.
*260 For the reasons stated, the several motions of Sixty Trust and the New York State Teachers Retirement System are granted, without costs, and the executions and restraining notices served on the tenants of 736-742 James Street, Syracuse, New York and Midtown Car Center at 801 Erie Blvd. East, Syracuse, New York, are hereby vacated.