PER CURIAM.
The appellants, while holding a mortgage secured by a lien on certain leasehold interests, subordinated their mortgage lien to one to be executed to the ap-pellees from the lessees of the leasehold interest as mortgagors. After this subordination agreement, the appellants, in fact, held a third mortgage and the appellees a second mortgage upon the leasehold premises. Thereafter a foreclosure suit was instituted by the holders of the second mortgage and an application was made for the appointment of a receiver. During the pendency of this action a management agreement was entered into by and between the holders of the second mortgage and the mortgagor, pertaining to the operation of the motel erected on the leasehold premises and providing that the rents, issues and profits should be used in payment of the rent on the leasehold, the first mortgage, the general expenses of operation, etc., and any surplus was to be used in satisfying the second mortgage, said operation to continue until a date certain. And, if the second mortgage had not been fully paid upon the arrival of the date certain, the second mortgage foreclosure proceedings could continue to a final decree. Upon the accrual of the date certain, the property had failed to earn enough money to satisfy the second mortgage indebtedness and the second mortgagees applied for a summary final decree, which was granted. The propriety of this summary final decree is brought on for review by this appeal, the appellants contending that the second mortgage lien was extinguished by the execution of the management agreement.
A review of the agreement, together with the subordination agreement and the mortgage form approved in said subordination agreement, clearly indicates that the appellants’ position is not well taken, and the chancellor’s summary final decree should be affirmed. See: Miami Gardens v. Conway, Fla.1958, 102 So.2d 622; Bay Realty Corp. v. Becker, Fla.App.1963, 157 So.2d 91; Alexander v. Hicks, 242 Ala. 243, 5 So.2d 781; 59 C.J.S. Mortgages § 518, p. 848, which hold to the effect that when a mortgagee takes possession subsequent to default of the mortgaged property by an agreement between him and the mortgagor, there is no extinguishment of the relationship of mortgagor-mortgagee. This status is simply that of a “mortgagee in possession”.
Therefore, the summary final decree here under review is hereby affirmed.
Affirmed.