**In re Johnny PARHAM, Debtor.**

**FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF FLORIDA, f/k/a First Federal Savings and Loan Association of Lakeland, Plaintiff,**

**v.**

**AAA PROPERTIES OF POLK, INC., Florida Federal Savings and Loan Association, Richard C. Rodgers, as Trustee for The Rodgers Reiner & Boyer Pension Trust Fund, Scott W. Putney, Trustee, Defendants.**

Bankruptcy No. 85–106–BKC–6P7.

Adv. No. 86–173.

United States Bankruptcy Court, M.D. Florida, Orlando Division.

April 30, 1987.

Andrea Ruff, Orlando, Fla., Shirley Arcuri, Tampa, Fla., for plaintiff.

A. Clifton Black, Orlando, Fla., for debtor.

John A. Yanchunis, St. Petersburg, Fla., for Florida Federal Sav. and Loan Assn.

Lucinda P. Burwell, Tampa, Fla., for Rodgers.

Scott W. Putney, Orlando, Fla., for trustee.

Wilma Ralston, Lakeland, Fla., for AAA Properties of Polk, Inc.

## MEMORANDUM OPINION

GEORGE L. PROCTOR, Bankruptcy Judge.

This cause came before the Court on the complaint of First Federal Savings and Loan Association of Florida ("First Federal") seeking a declaratory judgment that it had a perfected interest in rent proceeds collected pre and post-petition by AAA Properties of Polk, Inc. ("AAA"). Each of the defendants assert an interest in those proceeds.

Upon consideration of the evidence, argument of counsel and post-trial memoranda, the Court makes the following findings of fact and conclusions of law.

A. Findings of Fact

1. Debtor, Johnny Parham ("Parham") owned several parcels of residential real

estate encumbered by mortgages held by First Federal, Florida Federal Savings and Loan Association ("Florida Federal"), and Richard C. Rodgers ("Rodgers"), as trustee for the Rodgers Reiner & Boyer Pension Trust & Fund. Each of the parcels in question were rental properties and assignment of rents clauses were contained within the mortgages held by First Federal and Florida Federal. Rodgers did not hold a recorded assignment of rent clause but obtained such by a letter from Parham pre-petition.

2. All of the parcels were encumbered by a mortgage held by First Federal. Parham defaulted on the underlying promissory notes and First Federal commenced a state court foreclosure proceeding on August 7, 1984. AAA was appointed state court receiver on September 28, 1984, as to all of the parcels except the three parcels on Austin Street. These were excluded because Rodgers was currently in possession, collecting rents and administering the proceeds with the consent of Parham.

3. On January 28, 1985, Parham filed a voluntary petition under 11 U.S.C. Chapter 11. As of that date, AAA had $22,439.92 on hand.

4. During the first two months in Chapter 11, Florida Federal and Rodgers filed motions for relief from the automatic stay in order to foreclose and additionally First Federal filed a motion to prohibit use of cash collateral. Parham, as debtor-in-possession, entered stipulations with each party resulting in Orders of this Court resolving the underlying motion. Each stipulation was virtually identical and provided that the receivers would be discharged and AAA would be rehired by debtor-in-possession to manage the properties and make certain disbursements. The filing of the motion for relief from the automatic stay was the first action taken by Florida Federal to enforce its mortgage terms and right to rents clause.

5. On May 2, 1986, the Chapter 11 proceeding was converted to Chapter 7 and Scott W. Putney was appointed trustee.

6. Between the dates of filing and conversion, AAA collected $109,000 and disbursed all but $15,891.45.

7. As of February 28, 1987, AAA had $58,895.33 on hand. This amount is exclusive of 10 percent of total proceeds collected which AAA claims as its fee and has been placing in escrow subject to approval of this Court. A hearing on the Application for Fees filed by AAA is scheduled for June 24, 1987, at 3:00 p.m.

8. No monies were distributed to the mortgagees during the Chapter 7 proceeding. Of the amount collected, Rodgers claims the net proceeds attributable to the three Austin Street properties, Florida Federal claims $983.37 and First Federal claims the remaining monies. These claims are evidenced by a Stipulation entered into by the parties and filed with the Court on April 10, 1987.

9. Trustee, Scott W. Putney, asserts that 11 U.S.C. §§ 544(a) and 545 afford him an interest in the rent proceeds collected during the Chapter 7 proceeding superior to that of First Federal, Florida Federal, and Rodgers.

B. Conclusions of Law

1. At the time of filing a petition under Title 11, an estate is created which consists of all property to which debtor holds legal or equitable title. 11 U.S.C. § 541(a). If this property is subject to a valid, pre-existing mortgage or other lien under state law, only the equity in the property comes into the estate. See 11 U.S.C. § 541 *et seq;* see also *Butner v. U.S.*, 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979).

2. Under Florida law, a mortgage merely creates a lien against the land with the title and right of possession remaining in the mortgagor/owner. *Carolina Portland Cement Co. v. Baumgartner*, 99 Fla. 987, 128 So. 241, 246 (1930). A mortgagee becomes entitled to rents pledged in a mortgage when the mortgagee takes possession of the property either by the consent of the owner or through the appointment of a receiver in a foreclosure proceeding. *White v. Anthony Inv. Co.*, 119 Fla.

108, 160 So. 881, 882 (1935). See also *Carolina Portland Cement, supra; Bornstein v. Somerson,* 341 So.2d 1043, 1048 (Fla. 2d DCA 1977).

3. If state law requires a mortgagee to take affirmative action in order to perfect its right to rents and profits, the bankruptcy court cannot change the rights between parties by affording a mortgagee an automatic right to rents and profits upon the filing of a petition in bankruptcy. *Butner, supra.* The bankruptcy court "... should take whatever steps are necessary to ensure that the mortgagee is afforded in federal bankruptcy court the same protection he would have under state law if no bankruptcy had ensued." *Id.* at 56, 99 S.Ct. at 918.

4. First Federal perfected its interest in rents on September 28, 1984, by having a receiver appointed in the state court foreclosure action. Rodgers also perfected his interest in the rents attributable to the three Austin Street properties by going into actual possession of the properties with the mortgagors' consent. Since both of these creditors had a perfected interest in rents as of the date the petition was filed, their rights to the rental income were established vis-a-vis other creditors. This bankruptcy proceeding cannot be used to divert those monies to other creditors who do not have an interest or a perfected interest in the rents under Florida law. See *Butner, supra* at 56, 99 S.Ct. at 918; *In re Casbeer,* 793 F.2d 1436, 1442–43 (5th Cir. 1986); and *In re Gaslight Village, Inc.,* 6 B.R. 871 (Bkrtcy, D.Conn.1980). See also 11 U.S.C. § 522(b).

5. The perfected interest in rents held by First Federal and Rodgers extends to the net rental income collected after the filing of the petition in both the Chapter 11 and Chapter 7 proceedings. See 11 U.S.C. § 552(b); *cf. In re Casbeer, supra.*

6. Since both First Federal and Rodgers held a perfected, enforceable security interest in rents as of the commencement of this case, their security interests cannot be avoided under either 11 U.S.C. § 544 or § 545 for the benefit of general, unsecured creditors. See 11 U.S.C. §§ 544 and 545.

In accordance with the above findings of fact and conclusions of law, a separate final judgment for declaratory relief will be entered.