**In re EXECUTIVE SQUARE, LTD., Debtor.**

**DELRAY EXECUTIVE SQUARE, LTD., Plaintiff,**

v.

**Michael FEINMAN and Feinman, Feinman & DiStefano, P.A., Defendants.**

Bankruptcy No. 87–00975–BKC–TCB.

Adv. No. 87–0258–BKC–TCB–A.

United States Bankruptcy Court, S.D. Florida.

July 13, 1987.

Jones & Foster, P.A., Margaret L. Cooper, W. Palm Beach, Fla., for plaintiff.

Michael S. Feinman, Feinman, Feinman & DiStefano, P.A., Lauderhill, Fla., for defendants.

## MEMORANDUM DECISION

THOMAS C. BRITTON, Chief Judge.

Plaintiff, Delray Executive Square, Ltd., seeks to recover rent proceeds in the amount of $6,725 allegedly transferred to the debtor's counsel in violation of plaintiff's lien rights. Defendants moved for judgment on the pleadings (C.P. No. 4) asserting that as a matter of law plaintiff had no right to the rents. The matter was tried on June 30.

Plaintiff claims a security interest in the rents under an assignment contained in its mortgage, security agreement, collateral assignment of rents and a UCC–1. Plaintiff filed a foreclosure action against the debtor's property on ·March 11, 1987. On March 13 and 18, the debtor paid the defendants the sum of $6,725 for legal services. Plaintiff's motion for appointment of a receiver was set for hearing on March 25 in state court.

The bankruptcy petition was filed on March 25. Finding its forum shifted from state court to bankruptcy court, this creditor filed a motion on March 27 (Case No. 87–00975 (C.P. No. 2)) to sequester the rents under § 363(c)(2) and (4). That matter was scheduled for an emergency hearing on March 31. This court did not resolve the matter presented at that hearing, which was taken under advisement, because it was later advised that the parties had amicably resolved the dispute. However, this complaint raises the identical issue of the lien rights to rents asserted by plaintiff in its earlier requests to segregate cash collateral and for relief from stay. (Case No. 87–00975 (C.P. No. 2a)).

State law is controlling on the issue of what is required of a creditor to perfect a lien on rents. Plaintiff argues that by moving for the appointment of a receiver in the foreclosure action and taking additional action in this court, it comes within the requirements stated by the court in *White v. Anthony Inv. Co.*, 119 Fla. 108, 160 So. 881, 882 (1935). I disagree.

In the *White* case, the court stated that: "[the] mortgagee becomes entitled to receive such rents ... from the time he takes possession of the property either by consent of the owner or through the appointment of a receiver."

The debtor had possession of the rent proceeds and was under no legal restraint to refrain from using the funds. As stated in *Michelsen v. Penney*, 135 F.2d 409, 423 (2nd Cir.1943) (citing *White*):

"the mortgagor, until the mortgagee takes possession, is entitled to the rents and is in charge of the premises...."

The mortgagee had not perfected its lien merely by *moving* in the state court for appointment of a receiver.

"Only through a receiver to collect future rents could the lien on rents be made effective." *White* at 882.

The relief necessary to create the lien was never granted. When the mortgagee sought stay relief (C.P. No. 2a) to proceed with perfection of its lien by appointment of a receiver (later withdrawn), the payments to the defendants had already been made. The requirements of possession or appointment of a receiver necessary to perfect its lien on the rents were never satisfied by the plaintiff mortgagee as to the $6,725 paid to defendants.

Accordingly, I find that the rents collected by the debtor were not subject to a lien in favor of plaintiff when the funds were used to pay the defendants. As is required by B.R. 9021(a), a separate judgment will be entered dismissing this complaint with prejudice.