In re DIESEL ENGINEERS,
INC., Debtor.

Victor E. RAYMOS, Trustee, Plaintiff,

v.

Dennis LANAHAN and Frank
Haynes, Defendants.

Bankruptcy No. 83–642–BKC–3P7.
Adv. No. 84–202.

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

May 19, 1989.

James A. Bledsoe, Jr., Jacksonville, Fla., for plaintiff.

Robert B. Parrish, Jacksonville, Fla., for defendant Lanahan.

Gary A. Benson, Jacksonville, Fla., for defendant Haynes.

Alvin Ezrin, Vice President, National Health Laboratories, Inc.

## MEMORANDUM OPINION

GEORGE L. PROCTOR, Bankruptcy Judge.

This adversary proceeding is before the Court upon defendant Dennis Lanahan's ("Lanahan") motion for dissolution of the writ of garnishment served on National Health Laboratories, Inc., on December 6, 1988. A hearing on the motion was held May 2, 1989, and upon the evidence and stipulation of facts contained in the record, the Court enters the following Memorandum Opinion:

### FACTS

Plaintiff, Victor E. Raymos, Trustee, obtained a Final Judgment against defendant Dennis Lanahan on September 30, 1985, in the amount of $62,029.96. Defendant Lanahan has not satisfied the judgment.

Defendant Lanahan owns rental property which is subject to a mortgage held by First Federal Savings and Loan Association of Jacksonville ("First Federal"). At all times pertinent to this dispute, National Health Laboratories, Inc., was the tenant in possession of this property, paying a monthly rent of $1,168.20.

On November 22, 1988, the plaintiff filed a Motion for Garnishment After Judgment seeking to secure the rent owed by National Health Laboratories, Inc., to Lanahan. On November 29, 1988, the Court granted the Motion for Garnishment After Judgment and directed the Clerk's office to issue a writ of garnishment for service on National Health Laboratories, Inc.

The writ of garnishment was subsequently served on December 6, 1988, and on January 19, 1989, the garnishee, National Health Laboratories, Inc., served its answer admitting that between the date of service for the writ of garnishment and the date of its answer, it owed Lanahan $1,168.20 for the January, 1989, rent. Garnishee further admitted that it mistakenly paid this rent to Lanahan even though it had been served with the writ of garnishment.

On February 7, 1989, two months after service of the writ of garnishment, First Federal declared Lanahan's mortgage to be in default and (i) accelerated the entire balance of the mortgage note (approximately $236,400) and (ii) demanded payment of the assigned rents pursuant to § 697.07, Florida Statutes. The declaration of default, acceleration, and demand for payment were made by letter dated February 7, 1989, from First Federal's attorney, Clyde Reese, to Lanahan.

In connection with its declaration of default, First Federal offered to rescind its acceleration and forbear from legal action against Lanahan upon satisfaction of the following conditions by Lanahan:

(1) All mortgage payments to be brought current;

(2) All accrued late charges to be paid;

(3) Payment to First Federal for attorneys fees;

(4) Turnover of rental payments to First Federal until the mortgage is current and all late charges have been paid.

(Defendant Exhibit 2).

Lanahan has complied with these requirements and the mortgage is now current. The loan officer for First Federal testified that First Federal has not filed a foreclosure suit or taken any other legal action against Lanahan. The "current" status of the mortgage was further evidenced by National Health Laboratories' rent check dated February 23, 1989, which was made payable to Dennis Lanahan and deposited into his personal account.

Shortly after First Federal's attorney sent the February 7 demand letter, Lanahan filed the motion for dissolution of writ of garnishment. In his motion, Lanahan argues that the garnished rent had been assigned to First Federal and not subject to garnishment.

## DISCUSSION

The crucial issue to be decided by this Court is whether the January, 1989, rental payment owing from National Health Laboratories to Lanahan is subject to garnishment. Defendant suggests that the February 7, 1989, letter from First Federal's attorney constituted a written demand by the mortgagee under § 697.07, Florida Statutes and converted the collateral assignment of rents in the mortgage into an absolute assignment of rents, thereby precluding plaintiff's attempts at garnishment. That statute provides:

A mortgage may provide for an assignment of rents. If such assignment is made, such assignment shall be absolute upon the mortgagor's default, becoming operate upon written demand made by the mortgagee. . . .

Under Florida law, an assignment of rents provision is considered a collateral assignment. A collateral assignment of rents does not become absolute until there has been a default and "written demand [for payment] by the mortgagee." *See, e.g., In re Aloma Square,* 85 B.R. 623 (Bkrtcy.M.D.Fla.1988); *Gieger v. Sun First National Bank of Orlando,* 427 So. 2d 815 (Fla. 5th DCA 1983); *White v. Anthony Investment Co.,* 119 Fla. 108, 160 So. 881 (1935).

■ For purposes of garnishment, the mortgagor retains ownership of rentals prior to their becoming absolute and those rentals may be successfully garnished by a creditor of the mortgagor. Upon garnish-

ment, the creditor simply steps into the mortgagor's shoes for purposes of collecting the rental payments. *Reeves v. Don L. Tullis & Associates, Inc.*, 305 So.2d 813 (Fla. 1st DCA 1975).

As of December 6, 1988, Lanahan still possessed the right to collect rentals from National Health Laboratories, Inc. The written demand for payment was not made until the letter of February 7, 1989. The January, 1989, rent was therefore subject to garnishment under Florida law.

The Court is unpersuaded by Lanahan's suggestion that an agency relationship existed between Lanahan and First Federal for the collection of rents or that the rents were held in trust by Lanahan for the benefit of First Federal.

The Court now turns it attention to the unauthorized payment of rent to Lanahan by National Health Laboratories, Inc. As shown by garnishee's answer, the garnishee paid the January rent to Lanahan after service of the writ and before it served its answer. As far as Lanahan and First Federal are concerned, the rent was paid. The remaining issue is whether National Health Laboratories, Inc., is liable to plaintiff in the amount of the January rent.

Section 77.06(1), Florida Statutes, provides:

> Service of the writ shall make garnishee liable for all debts due by him to defendant and for any tangible or intangible personal property of defendant in his possession or control at the time of the service of the writ or at any time between the service and the time of his answer.

The undisputed evidence shows that the writ of garnishment was served on National Health Laboratories, Inc., on December 6, 1988, and that the garnishee, National Health Laboratories, Inc., paid the January rent to Lanahan after this date but prior to serving its answer. Under the clear terms of § 77.06(1), National Health Laboratories, Inc., remains liable to plaintiff for the full amount of the January rent.

Finally, Lanahan suggests that the arguments raised by the motion for dissolution of the writ of garnishment will also apply to the various writs served after this motion. To the extent that Lanahan takes this position, his motion cannot have "continuing" effect. The question of whether any subsequent writs of garnishment shall stand or be dissolved depends on facts which exist on the dates of service of such writs. Those facts may be substantially different than the facts governing the present motion and the Court elects not to judge prematurely.

## CONCLUSION

Defendant Lanahan's Motion for Dissolution of Writ of Garnishment will be denied. The Court will enter separate order in accordance with these findings and a Final Judgment against Garnishee, National Health Laboratories, Inc.