■ COLUMBIA FEDERAL SAVINGS BANK, Respondent, v COSTAS POULIKIDIS, Defendant, and EFFENZEE CAPITAL CO., Appel-

lant. [610 NYS2d 268] —Order, Supreme Court, Nassau County (Joseph Saladino, J.), entered on or about March 27, 1992, which granted plaintiff's motion for an accounting and directed defendant-appellant junior mortgagee to account to plaintiff senior mortgagee for all rents that it collected on the subject property, and to turn over such rents to the court-appointed receiver, unanimously affirmed, with costs.

Order, same court and Justice, entered on or about November 30, 1992, which denied appellant's motion for a stay or renewal of the March 27, 1992 order, imposed a $1,000 sanction against appellant's attorney for frivolous conduct, and directed appellant to turn over all collected rents to the receiver, unanimously modified, on the law and the facts to the extent of vacating the sanction and directing appellant to turn over to the receiver only those rents collected after commencement of the instant action, and otherwise affirmed, with costs.

Order, same court and Justice, entered on or about March 29, 1993, which, *inter alia,* directed the receiver to pay over to plaintiff, or its assignee, the balance of any funds and accrued interest, minus his commission, turned over by appellant, unanimously modified on the law, to the extent of directing that the receiver pay over to plaintiff, or its assignee, the balance of any funds and accrued interest, minus his commission and minus the amount turned over by appellant attributable to rent appellant actually received prior to commencement of the instant action, and otherwise affirmed, with costs.

As the senior mortgagee, plaintiff is entitled to all rents and profits collected after its commencement of this foreclosure action in October 1990, as well as any then unpaid rents and profits *(see, New York Life Ins. Co. v Fulton Dev. Corp.,* 265 NY 348, 351-352; *1180 Anderson Ave. Realty Corp. v Mina Equities Corp.,* 95 AD2d 169, 173). However, plaintiff is not entitled to the rents that appellant, as junior mortgagee, actually received and took into its possession before the action was commenced *(1180 Anderson Ave. Realty Corp. v Mina Equities Corp., supra).*

Accordingly, there was some merit to appellant's reluctance to part with all of the money that it had collected and its repeated motions were not so frivolous as to be sanctionable. We have considered appellant's other contentions and deem them to be either lacking in merit or moot under the circumstances. Concur—Carro, J. P., Kupferman, Asch, Nardelli and Williams, JJ.